[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 280 
We are called upon to determine whether under Act No. 288, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16289-1 [1] et seq., Stat. Ann. 1940 Cum. Supp. § 27.3178 [1] et seq.) (probate code), the probate court has jurisdiction to hear and determine claims based upon torts against estates of decedents.
A claim based upon a tort was presented and allowed by the probate court. Appeal was taken by the defendant, executor of the estate of Grant Chamberlain, deceased, to the circuit court; and upon motion of the defendant, the circuit court entered the following order:
"It appears to the court that under the present statute, namely, chapter 8, § 22, of the probate code *Page 281 
of this State, that this court has original jurisdiction rather than appellate jurisdiction over the matters involved in this controversy and that the probate court of Montcalm county had no jurisdiction to hear and determine said claim.
"Therefore * * * It is ordered that said appeal shall be, and the same is hereby, dismissed, that the probate court has no jurisdiction to hear and determine said claim and that said claim shall be, and the same is hereby, likewise dismissed from said court."
Plaintiff, claimant in the probate court, appeals and contends that under the present act, at the option of the claimant, claims based upon torts may be filed in the probate court; that the probate court has jurisdiction to hear and allow such claims; or that an action of trespass on the case may be brought against the executor or administrator in the circuit court having jurisdiction of the parties.
In 1939, the legislature passed Act No. 288, entitled:
"An act to revise and consolidate the statutes relating to the organization and jurisdiction of the probate courts of this State; the powers and duties of such courts; * * * to prescribe the manner and time within which claims against estates and other actions and proceedings may be brought in said courts; pleading, evidence, practice and procedure in actions and proceedings in said court; * * * and to repeal certain acts and parts of acts."
Although the title is no part of the act (People v. Powell,280 Mich. 699 [111 A.L.R. 721]), it fairly expresses its object and purpose.
The act provides:
 "CHAPTER 1. "SEC. 19. Each judge of probate shall have jurisdiction: *Page 282 
"1. Of all matters relating to the settlement of the estates of all deceased persons, whether testate or intestate. * * *
"5. And shall have and exercise all such other powers and jurisdiction as are or may be conferred by law. * * *
 "CHAPTER 8.
"SECTION 1. * * * a decedent's * * * estate, both real and personal, is subject to the payment of his debts, but no debts except those which are secured by a lien upon the property of the decedent * * * shall be paid unless filed in the probate court and allowed by the court. * * *
"SEC. 3. All claims in each estate shall be heard by the probate court unless such probate court shall appoint a referee or referees to hear claims. * * * And all orders of the probate court allowing or disallowing in whole or in part such claims or offsets shall be final orders and appealable. * * *
"SEC. 19. Any fiduciary, under the order of the probate judge, after such notice as he may direct, or without notice in his discretion, may adjust, settle or compromise any claim for or against the estate of a decedent or ward. * * *
"SEC. 22. No action shall be commenced against the executor or administrator except actions of ejectment, or other actions to recover seizin or possession of real estate, and actions of replevin and trespass on the case * * * until the expiration of the time limited by the court for the payment of debts:Provided, * * * Plaintiff may file in the probate court having jurisdiction of said estate a notice of suit pending. After the filing of such notice no assignment of property to heirs * * * shall be made to creditors within the fifth class. * * * The final judgment rendered in such action shall be certified to the probate court by the county clerk upon the same becoming final whereupon such judgment shall have the same effect as all other approved claims of the same class against said estate." *Page 283 
Defendant contends that by the inclusion of the words "trespass on the case" in Act No. 288, chap. 8, § 22, Pub. Acts 1939, the circuit court is vested with exclusive original jurisdiction over tort claims.
We are confronted here with a problem of statutory interpretation and can do no better than again repeat the often-quoted cardinal rule as stated in City of Grand Rapids v.Crocker, 219 Mich. 178, 182:
"There seems to be no lack of harmony in the rules governing the interpretation of statutes. All are agreed that the primary one is to ascertain and give effect to the intention of the legislature. All others serve but as guides to assist the courts in determining such intent with a greater degree of certainty. If the language employed in a statute is plain, certain and unambiguous, a bare reading suffices and no interpretation is necessary. The rule is no less elementary that effect must be given, if possible, to every word, sentence and section. To that end, the entire act must be read, and the interpretation to be given to a particular word in one section arrived at after due consideration of every other section so as to produce, if possible, a harmonious and consistent enactment as a whole."
The Constitution of 1908, art. 7, § 13, provides:
"In each county organized for judicial purposes, there shall be a probate court. The jurisdiction, powers and duties of such courts and of the judges thereof shall be prescribed by law."
And in Re Estate of Meredith, 275 Mich. 278, 289
(104 A.L.R. 348), this court said:
"The probate court derives none of its jurisdiction or power from the common law, Grady v. Hughes, 64 Mich. 540, but must find the warrant for all its doings in the statute. Grady v.Hughes, supra; United States Gypsum Co. v. Kent Circuit *Page 284 Judge, 150 Mich. 668; Nolan v. Garrison, 156 Mich. 397; Rodgers
v. Huntley, 166 Mich. 129."
The statute before us clearly and expressly gives to the probate court jurisdiction "of all matters relating to the settlement of the estates of all deceased persons;" it provides that claims in each estate shall be heard by the probate court or a referee and that the probate court shall allow or disallow such claims; it also gives the probate court power to authorize a fiduciary to "adjust, settle or compromise any claim for or against the estate of a decedent;" and further provides that no debts of a decedent, except in a specially mentioned case, shall be paid unless filed in the probate court and allowed by the court.
Considering these sections of the act, it would seem that the clear and unmistakable intent of the legislature was to give the probate court jurisdiction to hear and decide all claims against an estate.
Defendant does not contend that the legislature used the word "claims" in a restricted sense excluding claims ex delicto. The act does not contain a definition of the term and we must assume that the legislature had in mind 1 Comp. Laws 1929, § 76 (Stat. Ann. § 2.212), which provides:
"In the construction of the statutes of this State, the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the legislature, that is to say:
"1. All words and phrases shall be construed and understood according to the common and approved usage of the language; but technical words and phrases, and such as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning." *Page 285 
In Carne v. Litchfield, 2 Mich. 340, it was said:
"The word 'claim,' is sufficiently comprehensive to embrace actions sounding in tort, as those founded upon contract; and we are at liberty to give to it an enlarged or restricted meaning, according as the intention of the legislature can be best carried into effect."
In Re Quinney's Estate, 287 Mich. 329, this court quoted with approval from Knutsen v. Krook, 111 Minn. 352 (127 N.W. 11, 20
Ann. Cas. 852), and said:
"The word 'claims' is 'by authorities generally construed as referring to demands of a pecuniary nature and which could have been enforced against the deceased in his lifetime.' "
In People v. Powell, supra, this court said:
"Where the language used has been subject to judicial interpretation, the legislature is presumed to have used particular words in the sense in which they have been interpreted."
Prior to Act No. 288, Pub. Acts 1939, the probate court had jurisdiction over claims for damages based upon torts against a decedent's estate (In re Sullivan's Estate, 165 Mich. 585;Ford v. Maney's Estate, 251 Mich. 461 [70 A.L.R. 1315]) as is shown by the following sections of the 1929 Compiled Laws:
"The commissioners shall have power to try and decide upon all claims which by law survive against or in favor of executors and administrators, except claims for the possession or title of real estate; and may examine and allow all demands, at their then present value, which may be payable at a future day, including claims payable in specific articles, and may offset such demands in the same manner in *Page 286 
favor of the estate." (3 Comp. Laws 1929, § 15685 [Stat. Ann. § 27.2832].)
"When commissioners shall be appointed, as provided in this chapter, for examining and allowing claims against any estate, no action shall be commenced against the executor or administrator, except actions of ejectment, or other actions to recover the seizin or possession of real estate, and actions of replevin, nor shall any attachment or execution be issued against the estate of the deceased, until the expiration of the time limited by the court for the payment of debts." (3 Comp. Laws 1929, § 15688 [Stat. Ann. § 27.2835].)
We, therefore, must assume that in the present act, the legislature used the word "claims" advisedly to include claimsex delicto as well as claims ex contractu.
The trial court based its decision that the probate court had no jurisdiction to determine the claim in this case upon chapter 8, § 22, of the 1939 act, which provides:
"No action shall be commenced against the executor or administrator, except actions of ejectment, or other actions to recover the seizin or possession of real estate, and actions of replevin and trespass on the case * * * until the expiration of the time limited by the court for the payment of debts."
Defendant contends that under 3 Comp. Laws 1929, § 15688, which was displaced by chap. 8, § 22, supra, the probate court had no jurisdiction over actions of ejectment, or other actions to recover seizin or possession of real estate, or over replevin actions; and that the legislature by including actions of "trespass on the case" in chap. 8, § 22, in the exceptions, and leaving the other wording of the sentence substantially as it then was, intended to *Page 287 
take from the probate court jurisdiction over tort claims. Defendant cites no authority for his contention that under 3 Comp. Laws 1929, § 15688, the probate court had no jurisdiction over the causes of action mentioned therein, nor are we able to find any. He ignores 3 Comp. Laws 1929, § 15685, which has not been reenacted and which expressly excepted from the jurisdiction of the commission on claims "claims for the possession or title of real estate."
After a careful study of chap. 8, § 22, as a part of the entire act, we cannot agree with the defendant's contention. We have in mind that chap. 8, § 3, provides that "all claims in each estate shall be heard by the probate court unless such probate court shall appoint a referee to hear claims;" and that nowhere in the act are claims for torts excepted. In our opinion, it was the purpose and true intent of the legislature in enacting the present probate code to make it optional upon the part of a claimant to file a claim based upon a tort in the probate court or file a tort action in the circuit court.
The trial court was in error in dismissing the appeal and the cause is reversed and remanded to the circuit court for hearing upon such claim. Plaintiff may recover costs.
BUSHNELL, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred with SHARPE, C.J.