*In re* COOK ESTATE.

FOX *v.* COOK ESTATE.

1. ESTATES OF DECEDENTS—REOPENING OF ESTATE TO CORRECT ERRORS—CLAIMS AGAINST ESTATES—TARDY CLAIMS.

The reopening of a decedent's estate for the purpose of correcting errors is not such a proceeding as to extend the time for the filing of claims by tardy claimants, especially in view of the statutory provison that the failure of a claimant to file a claim against the estate during the original administration shall not be a cause for reopening or for the appointment of a successor fiduciary (CL 1948, §§ 701.19, 704.56).

2. SAME—CLOSING ESTATE—REOPENING ESTATE—TARDY CLAIMS—CORRECTION OF ERRORS.

Once all of the steps for the administration of a decedent's estate, including the hearing on claims, have been concluded, and the

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  21 Am Jur, Executors and Administrators § 370.
[3]  20 Am Jur, Evidence § 16 *et seq.*
[4, 8]  21 Am Jur, Executors and Administrators § 365.
[5]  21 Am Jur, Executors and Administrators §§ 365, 370.
[6]  21 Am Jur, Executors and Administrators § 382.
[7]  21 Am Jur, Executors and Administrators §§ 368–370.
   21 Am Jur, Executors and Administrators §§ 219 *et seq.,* 498.

estate is closed, the statute provides a 3-month period during which tardy claimants may seek the reopening of the estate for the hearing of their claims, but such period is not extended by reason of the reopening of the estate for the purpose of correcting errors or omissions, which latter reopening might occur even years later (CL 1948, §§ 701.19, 704.56, 708.22).

3. EVIDENCE—JUDICIAL NOTICE—REOPENING OF ESTATES OF DECEDENTS.

The Supreme Court takes judicial notice of the fact that because of errors or omissions in probate proceedings, estates of decedents are reopened, sometimes years after the completion of the original probate (CL 1948, § 704.56).

4. ESTATES OF DECEDENTS—CLAIMS AGAINST ESTATES—STATUTE OF LIMITATIONS.

The statute of limitations with respect to the filing of claims against the estates of decedents may bar the legal rights of completely valid claims that are not filed because of lack of diligence, ignorance of the law, or for some other reason (CL 1948, § 701.19).

5. SAME—CLAIMS AGAINST ESTATES—MINORS.

The remedy of an injured minor, who has no general guardian, against the estate of a decedent for such injuries, is not to be fashioned by the Supreme Court, where the minor seeks to file a claim against the estate more than 3 months after the estate is closed (CL 1948, §§ 701.19, 704.56).

6. SAME—CLAIMS AGAINST ESTATES—REHEARING OF HEARING ON CLAIMS.

The rehearing of a hearing on claims against the estate of a decedent is a matter of right only if applied for within 18 months and before the estate is closed (CL 1948, §§ 701.19, 704.56, 708.22).

7. SAME — FIDUCIARIES — CREDITORS — CLOSING ESTATES — CLAIMS AGAINST ESTATES—PROMPTNESS.

Both the fiduciary of a decedent's estate and creditors of the estate are charged with promptness, the former with the prompt closing of an estate and the latter with the prompt filing of claims.

8. SAME—CLAIMS AGAINST ESTATES—FILING.

Probate courts are statutory courts and once the statutory procedure for administration of a decedent's estate has been followed and the time has run, those who stand without, however meritorious their claims, are forever debarred (CL 1948, §§ 701.19, 704.56, 708.22).

Appeal from Ogemaw; Shaffer (John C.), J. Submitted January 12, 1962. (Docket No. 80, Calendar No. 48,611.) Decided May 17, 1962.

In the matter of the estate of George N. Cook, deceased, petition to reopen estate was made by Mary M. Fox, administratrix of the estate of Miles Fox deceased, Rachael Glasby Fox, and Mary Ellen Fox to permit presentation of claims arising from automobile collision. Petition, originally granted in probate court, denied and dismissed. Plaintiff petitioners appeal. Affirmed.

*John Brattin,* for plaintiff petitioners.

*Doozan, Scorsone & Trogan (Carl W. Doozan,* of counsel), for defendant estate.

ADAMS, J. Proceedings in the George N. Cook estate were begun August 22, 1956. The hearing on claims was held July 18, 1957. Order allowing the final account and assigning residue was entered on July 14, 1958. Order discharging the executor and canceling his letters and bond were also entered on July 14, 1958. Later it was discovered that certain shares of stock had been omitted from the order assigning residue and that the listing of the number of shares of another stock was incorrect. On October 8, 1958, the executor filed a petition to reopen the estate to correct these errors. The order was entered on October 13, 1958. An amended order assigning residue was also entered and the estate was "finally closed."

On January 13, 1959, petitioners asked the court to reopen the hearing on claims alleging that they had valid claims against the estate and that they had previously lacked knowledge of their legal rights. The probate court granted the petition.

Upon appeal to the circuit court, the matter was remanded to the probate court for entry of an order dismissing the petition. From order of the circuit judge, this appeal is taken.

The sole question is whether or not the fortuitous reopening of defendant's estate to correct errors in the order of assignment extends the 3-month period under CL 1948, § 701.19 (Stat Ann 1943 Rev § 27.-3178[19]), insofar as tardy claimants are concerned.

Step by step, proceedings are spelled out in the probate code for the administration of estates. Once all of the steps for the administration of an estate, including the hearing on claims have been concluded and the estate is closed, CL 1948, § 701.19 (Stat Ann 1943 Rev § 27.3178[19]), provides a 3-month period during which time tardy claimants may seek a reopening for the hearing of their claims. *Melvin* v. *Reading,* 346 Mich 348.

The reopening of an estate, under CL 1948, § 704.56 (Stat Ann 1959 Cum Supp § 27.3178 [307]),* to correct errors is not such a proceeding as to extend the time for tardy claimants.

This Court takes judicial notice of the fact that because of errors or omissions in probate proceedings, estates of decedents are reopened, sometimes

---

* "After allowance of the final account and entry of order for distribution, the fiduciary shall make distribution, taking receipts for the same, and upon filing such receipts and the receipts showing payment of the inheritance tax or the issuance of an order determining that no tax is payable, he may be discharged and his bondsmen released.

"The court may, upon petition having been filed after the closing of an estate, cause the same to be reopened for the purpose of administering after discovered assets or to complete the administration of the same in case said estate was closed without being fully administered by the fiduciary or court, or for the correction of typographical errors, omissions, or misdescription of property contained in any order or record in said estate, and for any of these purposes may appoint a successor fiduciary: *Provided, however, That the failure of a claimant to file a claim against said estate during the original administration thereof shall not be a cause for reopening the same or for the appointment of a successor fiduciary."* (Emphasis supplied.)

years after the completion of the original probate. To adopt the interpretation of the statute contended for by petitioners would put an end to certainty. It would open the way into the unforeseeable future for the filing of tardy claims, not because of their merits but because of some oversight, error, or omission in the administration of an estate.

The policy behind statutes of limitation or of non-claim has been hammered out in countless deliberations. Inevitably and unfortunately, under such statutes, because of lack of diligence, or ignorance of the law, or for some other reason, legal rights of complete validity are barred. *Beale* v. *Swasey,* 106 Me 35 (75 A 134, 20 Ann Cas 396) ; *Melvin* v. *Reading,* supra.

In this case it is alleged that one of the plaintiffs, a minor, suffered substantial injuries and that she had no general guardian. The fashioning of a remedy for these petitioners is not the province of this Court. See *Morgan* v. *Hamlet,* 113 US 449 (5 S Ct 583, 28 L ed 1043) ; *Van Haaren* v. *Tierney,* 180 Mich 192 (Ann Cas 1916A, 588). The problem before this Court is to determine the correct interpretation of the statutory law pertaining to the administration of estates.

"The rehearing is a matter of right only if applied for within 18 months and before the estate is closed." 3 Moore & Denison, Probate Practice, § 797, p 274.

"An administrator under the statute is charged with the prompt closing of estates, likewise a creditor should be charged with the prompt filing of claims against estates." McAvinchey, Michigan Probate Practice, p 90.

The legislature has provided a definite and final procedure for the handling of claims against estates. See CL 1948, § 708.1 *et seq.* (Stat Ann 1943 Rev § 27.3178[411] *et seq.*). See, especially, CL 1948,

§ 708.18 (Stat Ann 1943 Rev § 27.3178[428]),* and CL 1948, § 708.22 (Stat Ann 1943 Rev § 27.3178 [432]). Probate courts are statutory courts. *In re Brown's Estate,* 280 Mich 176; *In re Estate of Jeffers,* 272 Mich 127. Once these procedures have been followed and the time has run, those who stand without, howsoever meritorious their claims, are forever debarred. *In re Estate of Jeffers, supra; In re Thayer's Estate,* 210 Mich 696.

Affirmed, costs to appellee.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.

---

* "On the application of a creditor who has failed to present his claim, *if made within 18 months following the time originally fixed by the court for the presentation of claims, and before such estate is closed,* the judge of probate shall allow further time, not exceeding 1 month, for such creditor to present his claim, which claim may then be heard by the court or referred to a referee as hereinbefore provided: *Provided,* That all costs and charges resulting from said application and the proceedings thereon had in probate court, or before the referee shall be paid by the party making the application. After 18 months following the time for presentation of claims as originally fixed by the probate court, no claim against the estate shall be received and considered unless the probate court, upon prior notice to the fiduciary and after hearing, shall determine that the failure of such creditor to present his claim sooner was not due to any fault or neglect on the part of such creditor. Five days' notice by personal service of the time and place of the hearing on any tardy claim shall be given to the fiduciary." (Emphasis supplied.)