## KANGAS *v.* LEFKO.

ESTATES OF DECEDENTS—CLOSING ESTATES—ACTION AGAINST ESTATE OF DECEDENT—PRESENTATION OF CLAIMS.

Order denying defendant fiduciary's motion to dismiss action commenced against her decedent's estate is affirmed, where there has never been filed in the probate court an order specifically closing the estate and action against the estate was commenced within 18 months following the time originally fixed by the probate court for presentation of claims, the defendant administratrix being a suable fiduciary (CL 1948, §§ 704.56, 708.18, 708.22).

OTIS M. SMITH, J., dissenting.

Appeal from Mackinac; Fenlon (Edward H.), J. Submitted October 3, 1962. (Calendar No. 20, Docket No. 49,609.) Decided February 7, 1963.

Case by Everett A. Kangas against Patricia L. Lefko, administratrix of the estate of Mary Kathryn Lefko, deceased, for personal injuries sustained in automobile collision. Motion to dismiss denied. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
21 Am Jur, Executors and Administrators §§ 368–370.

*Anderson, Carr & Street* and *Burney C. Veum* (*Leland W. Carr, Jr.*, of counsel), for plaintiff.

*Fraser, Trebilcock, Davis & Foster,* for defendant.

Dethmers, J. On August 31, 1958, plaintiff was injured in a collision between his automobile and one owned and operated by defendant's decedent, who was fatally injured in the accident and died that day. This suit against decedent's estate is brought to recover plaintiff's resultant damages.

This is defendant's appeal from an order denying her motion to dismiss. The facts constituting the basis for the motion are as follows: Probating of decedent's estate commenced on September 5, 1958. The probate court entered an order fixing December 2, 1958, as the date for hearing on claims. It was adjourned until December 9, 1958, claims were heard, and the hearing on claims then was closed. The assets of the estate were duly distributed. On January 20, 1959, an order entered assigning the residue and the final account of the administratrix was allowed and approved. By order of the probate court dated January 30, 1959, the administratrix was discharged. On May 6, 1960, plaintiff filed in the probate court a motion to reopen the estate, together with a statement and proof of claim for the above mentioned damages. That motion was granted by the probate court on January 17, 1961. On February 7, 1961, the instant action was commenced in circuit court.

Defendant says that her motion to dismiss should have been granted because: (1) the probate court was without jurisdiction to reopen the estate and appoint her again as administratrix and hence there is no proper defendant before the court having legal capacity to be sued; (2) the probate court order reopening the estate is void under the provision of CL

1948, § 704.56 (Stat Ann 1959 Cum Supp § 27.3178 [307]); and (3) the provisions of CL 1948, § 704.56 (Stat Ann 1959 Cum Supp § 27.3178[307]), and CL 1948, § 708.18 (Stat Ann 1943 Rev § 27.3178[428]), bar plaintiff from maintaining this suit in circuit court after such reopening, for the reason that no claim therefor was filed in probate court or suit filed in circuit court during the original administration of the estate and before its closing.

It will be noted that defendant's position is predicated on the assumption that the estate had been probated, closed, and then reopened. The record does not bear out defendant's contention that the estate ever was closed. There was an order assigning residue, an order allowing the final account of the administratrix and an order discharging her as such. There was no provision in any of those orders nor any special order closing the estate.

In CL 1948, § 708.18 (Stat Ann 1943 Rev § 27.3178 [428]), it is provided:

"On the application of a creditor who has failed to present his claim, if made within 18 months following the time originally fixed by the court for the presentation of claims, and before such estate is closed, the judge of probate shall allow further time, not exceeding 1 month, for such creditor to present his claim."

Here plaintiff's statement and proof of claim was filed in probate court before the estate was closed and within 18 months following the time originally fixed by the probate court for presentation of claims. It was, therefore, entitled to be considered by the probate court and was not barred by the statute.

In this case, however, while the estate was still open, plaintiff commenced this action of trespass on the case against the fiduciary in circuit court. This is permissible, so long as decedent's estate is not

closed, under the provisions of CL 1948, § 708.22 (Stat Ann 1943 Rev § 27.3178[432]). In the case of *In re Chamberlain's Estate,* 298 Mich 278, it was held that one in the position of plaintiff here has the option, under said section of the statute, to pursue his tort claim either in probate court or by filing a tort action in circuit court. None of defendant's contentions or citations of authority in her briefs in this case obviate plaintiff's right under that statute to maintain this suit. For example, *In re Cook Estate,* 366 Mich 323, is a case in which the estate had been "finally closed" and the attempt of the claimant was to cause the estate to be reopened for the presentation of a tardy claim. Suit in circuit court under CL 1948, § 708.22 (Stat Ann 1943 Rev §.27.3178[432]), had not been attempted and the right to do so was not involved. And so in *Seilnacht* v. *Wayne Probate Judge,* 201 Mich 536, there was an order of the probate court containing, *inter alia,* the language "said estate closed," and involved was a petition for "revival of the commission on claims," not, as here, a suit in circuit court under the above statute.

Affirmed. Costs to plaintiff.

KELLY, J., concurred with DETHMERS, J.

BLACK, J. (*concurring in affirmance*). This action for damages, counting on negligence committed by defendant's decedent, originated in the circuit court —not the probate court. It depends on no claim filed in probate and was expressly authorized by the 1939 amendment which, for the first time, provided a choice of remedies for the possessor of a right of action in "trespass on the case" against a person whose death has occurred after the right has arisen. See section 22 of chapter 8 of the probate code of

1939 (CL 1948, § 708.22 [Stat Ann 1943 Rev § 27.3178 (432)]) and *In re Chamberlain's Estate,* 298 Mich 278, 287.

The defendant moved to dismiss, alleging completed probate of the deceased tortfeasor's estate and denial of a legally suable status on her part. The motion was denied and defendant has appealed.

The only question requiring present determination is whether the defendant is a suable fiduciary under CL 1948, § 708.22 (Stat Ann 1943 Rev § 27.3178 [432]). We all agree that she is and will remain so until her decedent's estate is actually closed as provided in the probate code. We are agreed, too, that the estate has not as yet been closed for want of a probate order of closing.

Plaintiff's claim as filed in probate, alleging the same cause, is not before us. It has not, either as to merit, statutory timeliness, or dismissibility, come to test either in probate or circuit. Its disposition remains the initial responsibility of the court where filed.

Plaintiff's point that continued negotiations for adjustment, proceeding as same were between plaintiff and the decedent's liability insurer during what counsel call "quickie probate proceedings," required timely notice of such proceedings as a matter of due process, is expressly noted and passed as unnecessary to decision.

Affirmed. Costs to plaintiff.

KAVANAGH and SOURIS, JJ., concurred with BLACK, J.

OTIS M. SMITH, J. (*dissenting*). The following opinion, which I adopt as my own, was written by former Justice ADAMS before his departure from this bench.

The key question in this case is what constitutes the closing of an estate. Mr. Justice DETHMERS and Mr. Justice BLACK would hold that an estate is not closed until an order has been entered by the probate court specifically closing the estate. Section 56 of chapter 4 of the probate code, CL 1948, § 704.56 (Stat Ann 1959 Cum Supp § 27.3178[307]), reads as follows:

"After allowance of the final account and entry of order for distribution, the fiduciary shall make distribution, taking receipts for the same, and upon filing such receipts and the receipts showing payment of the inheritance tax or the issuance of an order determining that no tax is payable, he may be discharged and his bondsmen released.

"The court may, upon petition having been filed after the closing of an estate, cause the same to be reopened for the purpose of administering after discovered assets or to complete the administration of the same in case said estate was closed without being fully administered by the fiduciary or court, or for the correction of typographical errors, omissions, or misdescription of property contained in any order or record in said estate, and for any of these purposes may appoint a successor fiduciary: Provided, however, That the failure of a claimant to file a claim against said estate during the original administration thereof shall not be a cause for reopening the same or for the appointment of a successor fiduciary."

The first paragraph of the statute, when taken in conjunction with the second paragraph which provides for *a reopening* to correct errors, would appear to be a full and complete description of the steps necessary to close an estate. Once the fiduciary has been properly discharged, and his letters and bond canceled, an estate has been closed. While a recital or an order of the court to that effect may be desirable for the sake of clarity, none is required by

the code, nor would such a recital or order add anything *to the facts* set forth in the code which constitute a closing.

My views with regard to statutes of limitation were set forth in *In re Cook Estate,* 366 Mich 323, and need not be restated here.

I would remand for entry of an order granting the motion to dismiss.

CARR, C. J., did not sit.

O'HARA, J., took no part in the decision of this case.