### ROSEBROCK v VONDETTE

Docket No. 77-4426. Submitted June 12, 1978, at Grand Rapids.—
Decided August 22, 1978.

Michael Rosebrock, born December 25, 1956, was struck by an
automobile operated by Michael Welense on March 31, 1962.
Welense died on March 24, 1966, of causes not related to the
accident and his estate was probated on April 6, 1966, under
the small estate act. Pursuant to the provisions of the act, no
administrator was appointed and no bond was furnished. The
estate, consisting of $875, was distributed to a son of the
decedent who had paid the funeral bill.

On September 12, 1975, Michael Rosebrock filed a petition in
Saginaw County Probate Court praying for the admission of the
last will and testament of Michael Welense, dated October 11,
1958, and for the appointment of Tom Vondette as administra-
tor with will annexed. On October 16, 1975, the administrator
was appointed as prayed for. He qualified on the same day and
has been acting in that capacity since that date. The petition
for the admission of the will also stated that a suit would be
initiated against the fiduciary to recover under a public liabil-
ity automobile insurance policy and not for reaching any of the
assets of the estate. There was no appeal from these proceed-
ings and no motion was made to set them aside.

Michael Rosebrock reached the age of 18 on December 25,
1974, and filed his complaint in circuit court of October 28,
1975, against the administrator.

In response to a motion brought by the decedent's insurance
company, the Saginaw Circuit Court, Gary R. McDonald, J.,
granted accelerated judgment for the defendant. The basis for
the motion was that defendant's decedent passed away more
than six years prior to the filing of the complaint and that
more than three months had elapsed since the closing of the
small estate. The court granted the motion based on the au-

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes §§ 145, 146, 195.
[2] 51 Am Jur 2d, Limitation of Actions §§ 138, 182–185.
[3] 51 Am Jur 2d, Limitation of Actions §§ 138, 139.

thority of a statute which bars all debts and obligations of any person six years from the date of his death. The plaintiff appeals. *Held:*

The plaintiff's cause of action is not barred by the lapse of more than six years because the Revised Judicature Act contains a statute which allows a juvenile to bring an action within one year after reaching majority although the period of limitations has run and because the general saving provisions of the Revised Judicature Act apply to all causes of action created by Michigan statutes.

Reversed and remanded.

1. STATUTES—STATUTORY CONSTRUCTION—LEGISLATIVE INTENT—INCONSISTENT STATUTES.

It is the function of the court to apply the fundamental rules of statutory construction and thereby seek to determine the legislative intent where two statutes, on the surface, appear to be inconsistent insofar as the facts of a particular case are concerned.

2. LIMITATION OF ACTIONS—STATUTE OF LIMITATIONS—EXCEPTIONS—INFANTS.

The exemptions from the running of statutes of limitations ordinarily granted to infants do not rest on any fundamental doctrine of law, but on the legislative will expressed in the statutes; infants may be put on the same footing as adults in this respect, and unless excepted they so stand; the Michigan Legislature has created an exception for infants.

3. LIMITATION OF ACTIONS—REVISED JUDICATURE ACT—SAVING PROVISIONS—EXEMPTIONS.

The general saving provisions of the Revised Judicature Act which create exemptions from the running of statutes of limitations apply to causes of action created by Michigan statutes.

*Otto & Otto,* for plaintiff.

*Philip S. Della Santina,* for defendant.

Before: D. E. HOLBROOK, JR., P. J., and T. M. BURNS and W. VAN VALKENBURG,* JJ.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

W. VAN VALKENBURG, J. The unique set of facts in this case comes to us on an appeal from a decision of the Saginaw County Circuit Court wherein a motion for accelerated and/or summary judgment was granted by that court and the complaint dismissed with prejudice.

Plaintiff, born December 25, 1956, was struck by an automobile operated by Michael Welense on March 31, 1962. The latter died from causes not related to the accident on March 24, 1966, and his estate, consisting of $875, was probated on April 6, 1966, under the small estate act. MCL 708.41; MSA 27.3178(451). Pursuant to the provisions of that act, no administrator was appointed and no bond was furnished. The sum above mentioned was distributed to a son who had paid the funeral bill.

Nothing more occurred with regard to the estate until September 12, 1975, when a petition was filed in Saginaw County Probate Court by plaintiff praying for the admission of the last will and testament of Michael Welense, dated October 11, 1958, and for appointment of Tom Vondette as administrator with will annexed. All of the heirs were notified and a notice of hearing was published. The matter was heard on October 16, 1975. No heirs appeared, and Mr. Vondette was appointed as prayed for. He qualified on the same day and has been acting in his capacity as administrator since that date. The petition for the admission of the will also stated that a suit would be initiated against the fiduciary to recover under a public liability automobile insurance policy and not for the purpose of reaching any other assets of the estate. There was no appeal from these proceedings and no motion was made to set them aside.

Plaintiff reached majority at the age of 18 on December 25, 1974, and filed his complaint in the circuit court on October 28, 1975.

Attorneys employed by the insurance carrier filed an answer on behalf of defendant and also filed the above mentioned motion on January 5, 1976. The basis for the motion was that defendant's decedent passed away more than six years prior to the filing of the complaint and that more than three months had elapsed since the closing of the small estate.

The court rendered its opinion and order on October 28, 1977. Among other findings of fact and law, the judge acknowledged that the order of the probate court should have been appealed. Nevertheless, the motion was granted on authority of MCL 708.20; MSA 27.3178(430), and this appeal followed.

Two statutes, apparently in conflict as far as the above facts are concerned, will be discussed. MCL 600.5851(1); MSA 27A.5851(1) provides in part:

"If the person first entitled to make an entry or bring an action is under 18 years of age, insane or imprisoned at the time his claim accrues, he or those claiming under him shall have 1 year after his disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run."

MCL 708.20; MSA 27.3178(430), upon which the lower court relied, reads in part:

"All debts and obligations of any person shall be barred after 6 years from the date of his death unless presented to the probate court as provided by law or unless sooner barred by law, notwithstanding that no proceedings shall have been taken to probate such estate."

The issue in this litigation may be stated as whether a plaintiff's tort action against a decedent's estate is barred where the action is filed more than six years after the date of the death of the decedent and where the action is filed within one year after plaintiff has reached his majority.

Counsel for defendant in his brief has called our attention to *In re Cook Estate,* 366 Mich 323, 327; 115 NW2d 98 (1962), wherein certain individuals, including a minor who had no general guardian, moved to reopen the hearing on claims in order to present damages arising from an automobile accident. The period of three months in which tardy claimants may seek such a reopening under MCL 701.19; MSA 27.3178(19) had elapsed. The probate court granted the motion only to be reversed by the circuit court. The Supreme Court affirmed the decision of the circuit court holding in part that:

"The legislature has provided a definite and final procedure for the handling of claims against estates." 366 Mich at 327.

It should be noted, however, that the statutory rights of a minor were not raised in this case.

Reasoning similar to that in *Cook* was used in the Supreme Court's decision in *In re Curzenski Estate,* 384 Mich 334; 183 NW2d 220 (1971).

It is well established that the jurisdiction of probate courts is statutory and that those courts were organized for the purpose of providing a means whereby the debts of a decedent, including tort claims, could be handled with due dispatch and the balance of the estate distributed to the heirs or the beneficiaries of a last will and testament. *In re Chamberlain's Estate,* 298 Mich 278, 283; 299 NW 82 (1941).

Both of the estates in *Cook* and *Curzenski* were processed in a regular and orderly manner as provided by law. However, the holdings do not apply to the case at bar. First, in the present case no appeal was taken from the decision of the probate judge and consequently the issue of reopening a hearing on claims is not before this Court.

Secondly, the petition of plaintiff did mention the fact that he was seeking the proceeds of an insurance policy, but more importantly, prayed for the admission to probate of a last will and testament. Clearly this overshadowed the small estate proceedings previously taken. MCL 702.57; MSA 27.3178(127).

It is therefore necessary to analyze the two statutes under consideration which, on the surface, appear to be inconsistent insofar as the present facts are concerned.

The Supreme Court in *Acme Messenger Service Co v Unemployment Compensation Comm,* 306 Mich 704, 709; 11 NW2d 296 (1943), stated:

"The function of the court is to apply the fundamental rules of statutory construction and thereby seek to determine the legislative intent. If the language of the statute is plain and unambiguous, no interpretation is necessary."

Application of this test to the statutes in question indicates that both are "plain and unambiguous". MCL 708.20 makes no exception for minors, however, such an exception was created by the enactment of MCL 600.5851. The following authorities appear to answer this question in the affirmative.

In *Moebius v McCracken,* 261 Mich 409, 418; 246 NW 163 (1933), the Supreme Court held that the

statute of limitations does not run against a minor during the period of minority.

The general rule can be found in 54 CJS, Limitations of Actions, § 235, p 262:

"The exemptions ordinarily granted to infants, however, do not rest on any fundamental doctrine of the law, but on the legislative will expressed in the statutes; infants may be put on the same footing as adults in this respect, and unless excepted they so stand."

This principle was followed in *Cugell v Sani-Wash Laundry Co,* 280 Mich 286, 288; 273 NW 571 (1937):

"It is the rule that statutes of limitations apply to infants as well as to adults, unless exceptions are made in their favor."

And in *Smith v Bordelove,* 63 Mich App 384, 386; 234 NW2d 535 (1975), this Court recognized that the Michigan Legislature had created an exception for infants.

Having concluded that minors are entitled to an exception, we turn our attention to situations where this exception conflicts with other statutes which contain their own specific limitation periods. Assistance can be found in *Lambert v Calhoun,* 394 Mich 179; 229 NW2d 332 (1975). The first paragraph of that decision reads:

"The question presented in these consolidated appeals is whether the minority saving provision in the Revised Judicature Act extends the time for bringing suit under an act which contains its own statute of limitations." *Lambert* at 181.

In that case two minors commenced separate actions three years and two months following the

date of the accident. The Secretary of State intervened and moved for an accelerated judgment on the grounds that MCL 257.1118; MSA 9.2818 and MCL 257.1128; MSA 9.2828 barred any recovery because of the three-year statute of limitations contained therein. The trial judge granted the motion and his decision was affirmed by a majority of a panel in this Court on authority of *Holland v Eaton,* 373 Mich 34, 39; 127 NW2d 892, 895 (1964), which held that a specific time limitation in a statute excludes the saving provisions set forth in the general statute of limitations.

The Supreme Court, following consideration of the issue, reversed this Court's holding and overruled the principle announced in *Holland.* (For a list of other cases held in abeyance pending the decision in that case, see *Lambert* at 183, n 6.) The final holding of the Court concludes:

"We hold that the general saving provisions of the Revised Judicature Act apply to causes of action created by Michigan statutes." *Lambert* at 192.

A summary as to the practical effect of the above decision can be found in 22 Wayne L Rev:

"The result of *Lambert* was to overrule *Holland* and establish the rule that henceforth the minority savings provisions of the Revised Judicature Act applies to all statutorily created causes of action, as well as common law causes of action, even when the statute creating the right contains its own period of limitations." Atkinson, *Torts,* 22 Wayne L Rev 629, 648 (1976).

The various provisions of the probate code provide a means whereby estates can be probated in an expeditious manner. We have no quarrel with that philosophy. As shown in *Cook,* tardy claim-

ants may request a reopening of a hearing on claims within three months after the estate has been closed. The six-year statute carries a presumption that claims will be presented "as provided by law". MCL 708.20; MSA 27.3178(430). Apparently the real intention of the Legislature was to prevent the presentation of claims where no proceedings had been taken. Therefore, in effect, the six-year statute carries a built-in specific limitation period.

On the other hand, the saving provisions of the Revised Judicature Act are general in nature which brings that six-year limitation period within the orbit of the *Lambert* decision. That statute was last amended by 1971 PA 79 when the age was changed from 21 to 18. The Legislature must have been cognizant of the six-year rule and had an opportunity at that time to make exceptions if it had elected to do so.

Therefore, for the reasons hereinbefore delineated, we hold that MCL 600.5851(1); MSA 27A.5851(1) controls the resolution of the issue in this case and that plaintiff's cause of action is not barred.

Reversed and remanded for trial on the merits. Costs to abide the final result.