*In re* CURZENSKI ESTATE

HINZ *v.* CURZENSKI ESTATE

1. ESTATES—LIABILITY INSURANCE—AFTER-DISCOVERED ASSETS.

A decedent's policy of liability insurance does not constitute an "after discovered" asset of his estate (MCLA § 704.56).

2. ESTATES — REOPENING OF ESTATE — TARDY CLAIMANTS — AFTER-DISCOVERED ASSETS.

The portion of the Probate Code which provides that the failure of a claimant to file a claim against an estate during the original administration thereof shall not be a cause for reopening same or for the appointment of a successor fiduciary is intended to prevent tardy claimants from reopening and confusing the disposition of an estate closed more than three months before, and is not intended to bar a prompt attempt to reach an after-discovered asset of the estate (MCLA § 704.56).

3. INSURANCE—LIABILITY INSURANCE—COURTS.

Our courts must decide cases as if no liability insurance existed.

4. ESTATES—LIABILITY—FIDUCIARY—TIMELY CLAIM—TIMELY SUIT—FRAUD—EQUITY.

Any liability which accrued against a decedent during his lifetime became his liability whether he had that liability insured or not, and when he dies, his fiduciary must respond whether the injured person has or has not sued before the death oc-

REFERENCES FOR POINTS IN HEADNOTES

[1] 31 Am Jur 2d, Executors and Administrators § 193 *et seq.*
[2] 31 Am Jur 2d, Executors and Administrators § 294.
[3] 53 Am Jur, Trial § 480.
   Admissibility of evidence, and propriety and effect of questions, statements, comments, etc., tending to show that defendant in personal injury or death action carries liability insurance. 4 ALR2d 761.
[4] 31 Am Jur 2d, Executors and Administrators § 291 *et seq.*

curred; hence, if the person injured has not sued prior to the death, and has not made timely claim against the decedent's estate or commenced timely suit against the latter's fiduciary, no remedy survives save upon some showing of fraud committed by anyone or several whom equity may hold responsible for the consequences of that fraud.

Appeal from Court of Appeals, Division 1, Lesinski, C. J., and Fitzgerald and V. J. Brennan, JJ., affirming Wayne, James N. Canham, J. Submitted October 8, 1970. (No. 15 October Term 1970, Docket Nos. 52,550, 52,551.) Decided February 3, 1971.

17 Mich App 447 affirmed.

Petition by Marlene Hinz for appointment of an administrator *de bonis non* of the estate of Edward Curzenski, deceased, and complaint by Marlene Hinz against Patrick J. Keating, administrator of the estate of Edward Curzenski, deceased, for damages resulting from an automobile accident. Defendants' motions for accelerated judgment granted in both cases. Plaintiff appealed to Court of Appeals. Affirmed. Plaintiff appeals. Affirmed.

*Yoe, Casey & Moore,* and *Beras & Olzark,* for plaintiff.

*Eggenberger, Eggenberger, McKinney & Weber,* for defendants.

Black, J. Leave was granted (382 Mich 791) to review and decide the question left undetermined by a majority of the Court in *In re Critchell Estate* (1960), 361 Mich 432.[1]   That question is whether,

[1] No opinion of *Critchell* was endorsed by a majority of our then eight-man Court. The result was no precedent. See *Breckon* v. *Franklin Fuel Company* (1970), 383 Mich 251, 278, 279.

under MCLA § 704.56 (Stat Ann 1962 Rev § 27.3178 [307]) a decedent's policy of liability insurance constitutes an "after discovered" asset of his estate, in the context of *Critchell* and now in this case of *Hinz*. Our answer is negative.

Other questions raised in the present plaintiff's brief are not properly before us, it appearing that all are justiciable in a separate and pending action which was commenced by plaintiff against the decedent's liability insurer, State Farm Insurance Company. As to this separate action, see Judge Fitzgerald's reference thereto with observation that it is "still subject to the wisdom of the circuit court of Wayne County." (17 Mich App at 450.)

So far as concerns the respective opinions of *Critchell,* we join Division 1 in holding that (p 451):

"The quoted portion of § 56 is intended to prevent tardy claimants from reopening and confusing the disposition of an estate closed more than three months before, and is not intended to bar a prompt attempt to reach an after-discovered asset of the estate." (Citing *Young* v. *Moore* [ED Mich, 1954], 127 F Supp 265 and *Melvin* v. *Reading* [1956], 346 Mich 348.)

The only opinion of *Critchell* which touches today's question is that of Justice T. M. Kavanagh, with whom Justices Edwards and Souris concurred. As for the opinion of Justice Carr, supported as it was by Justices Dethmers, Kelly and Talbot Smith, that opinion and the "inferential interpretation"[2] which the present plaintiff offers made no precedent for want of five endorsers thereof. See reference to the *Breckon* case, *supra,* by footnote.

To set the stated question at rest, the writer advises the profession that had he been ethically

---

[2] The quotation is from the opinion below, p 452.

eligible to participate in the Court's decision of
*Critchell,* he would have endorsed Justice T. M.
KAVANAGH's mentioned opinion.  Being now of like
view, the undersigned adopts and applies that opin-
ion to this case of *Hinz,* the essential facts of
*Critchell* being the same as here shown.

For elaboration, see the factual statement of
Division 1 (pp 448–450).  The thrust of such state-
ment is that counsel for this plaintiff had actual
knowledge of all facts, certainly by July 3, 1964,[3]
which should have galvanized him to prompt action
for his client, either in the probate court or by suit
in the circuit court against the then validly ap-
pointed and acting fiduciary of the Curzenski estate.
On that pre-fourth of July date counsel had until
August 12, 1964 to act as above.  Thereafter he
and his client were possessed of another right, that
of petitioning within 90 days for setting aside of
the closing order of August 12, 1964, pursuant to
CL 1948, § 701.19 (Stat Ann 1962 Rev § 27.3178
[19]).  Yet nothing was done until, pertinently, the
jurisdiction of the probate court had passed into
history.

Fourteen years ago, in *Melvin* v. *Reading* (1956),
346 Mich 348, 354, we tried to advise lawyers con-
sulted and retained as here to "Sue first and talk
afterward."  As in *Critchell, supra,* and now here,
that advice seems to have fallen upon deaf ears.

As this latest "mournful result" (*Melvin, supra*
at 353) comes to record in our books, it is in order
that mention be made of a fact all concerned with
cases as at bar should carefully consider.  It is
that our courts must decide them as if no liability
insurance existed.  Any liability which accrued
against a decedent during his lifetime became *his*

---

[3] The date he wrote State Farm that he had been retained by
the plaintiff.

liability, whether he had that liability insured or not. When he dies his fiduciary must respond whether the injured person has or has not sued before the death occurred. Hence, if the person injured has not sued prior to the death, and has not made timely claim against the decedent's estate or commenced timely suit against the latter's fiduciary (see *Kangas* v. *Lefko* [1963], 369 Mich 341), no remedy survives save upon some showing of fraud committed by any one or several whom equity may hold responsible for the consequences of that fraud. Such is the purpose as well as the effect of our probate code.

It is equally in order that mention be made of Division 1's significant comment: "This result would impose the bar of a statute of limitation of three months on this negligence claim instead of the three years normally available under the applicable negligence injuries statute." True indeed. As in *Boike* v. *City of Flint* (1965), 374 Mich 462, 464 and again in *Trbovich* v. *Detroit* (1966), 378 Mich 79, 88 (forerunning *Grubaugh* v. *City of St. Johns* [1970], 384 Mich 165), such comment prompts observation that the constitutionality of application of the claim-barring provisions of § 704.56, to a setting as at bar, has not as yet been put to judicial test.

Affirmed. All costs will abide the result of the pending suit of *Hinz* v. *State Farm*.

T. M. KAVANAGH, C. J., and ADAMS and T. E. BRENNAN, JJ., concurred with BLACK, J.

T. G. KAVANAGH, J., concurred in the result.

SWAINSON and WILLIAMS, JJ., did not sit in this case.