WERKHOVEN v CITY OF GRANDVILLE

1. APPEAL AND ERROR—EQUITY—DE NOVO REVIEW.

Appellate courts consider equity cases *de novo* on the record, but give considerable weight to the findings of the trial judge.

2. ZONING—PRESUMPTION OF VALIDITY—BURDEN OF PROOF—ORDINANCES—TOTALLY EXCLUDED USES—EQUAL PROTECTION.

Zoning ordinances are presumptively valid and the burden is upon the party attacking an ordinance to show that it is unreasonable; however, an ordinance which on its face excludes from a municipality a use recognized by the Constitution or other laws as legitimate also carries with it a strong taint of unlawful discrimination and a denial of equal protection as to the excluded use.

3. ZONING—MOBILE HOME PARKS—DE FACTO EXCLUSION—BURDEN OF PROOF—PRESUMPTION OF VALIDITY.

A plaintiff challenging a zoning ordinance, who alleges that there is de facto exclusionary zoning which effectively prohibits the establishment of a mobile home park must meet a heavy burden of showing, in order to overcome the presumption of validity of the ordinance, that all of the available areas covered by the zoning ordinance cannot be used for a mobile home park, where the zoning ordinance does not specifically exclude mobile home parks and where one such park is already in existence.

Appeal from Kent, George V. Boucher, J. Submitted Division 3 April 10, 1975, at Grand Rapids. (Docket No. 19353.) Decided May 28, 1975. Leave to appeal applied for and by order of the Supreme Court remanded to the Court of Appeals, 395 Mich 753.

Complaint by Clarence M. Werkhoven and Lois

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 822.
[2] 58 Am Jur, Zoning §§ 16, 256.
[3] 54 Am Jur 2d, Mobile Homes, Trailer Parks, and Tourist Camps §§ 13, 14.

Werkhoven against the City of Grandville for an injunction prohibiting enforcement of a zoning ordinance. Injunction granted. Defendant appeals. Reversed.

*Freihofer, Cook, Hecht, Oosterhouse & Deboer, P. C.* (by *Walter B. Freihofer* and *Bruce A. Barnhart*) *(Fred N. Searl,* of counsel), for plaintiffs.

*Varnum, Riddering, Wierengo & Christenson* (by *Thomas J. Heiden),* for defendant.

Before: T. M. BURNS, P. J., and MCGREGOR and D. F. WALSH, JJ.

MCGREGOR, J. Plaintiffs filed a complaint, seeking to enjoin the defendant from enforcing a zoning ordinance with respect to the land in question. After a nonjury trial in the circuit court, a judgment was entered granting a permanent injunction which prohibited the defendant from enforcing a present zoning classification which, in turn, allowed plaintiffs to build a mobile home park. Defendant appeals.

The first question presented to this Court is whether a zoning ordinance which permits mobile home parks is invalid as a denial of equal protection, if it can be shown that all such "available" sites are "unsuitable" for such development.

The second question for our consideration is whether the zoning ordinance here involved was an arbitrary, capricious, and unfounded exercise of authority by the defendant, in that it excluded valid uses from the land in question.

There were some stipulated facts, based on written interrogatories which had been submitted by the plaintiffs and answered by the defendant. However, it was agreed that 44th Street was a major

arterial road, running east and west from Canal Street to the Grandville city line. Further, there is an expressway and interchange which is located 4,000 feet west of plaintiffs' property. City water is available along 44th Street and there exists a sanitary sewer whose terminus is currently some 1,000 feet from the property. The Grandville population, at time of trial, was estimated to be 11,500 with a projected increase to 14,500 by 1976.

At trial, plaintiffs and their witnesses established that the property bordered on a major arterial roadway, that city water was available at the site, that the plaintiffs would be willing to incur the expense of hooking up to a sanitary sewer, and that there was a growing need for such a mobile home park in Grandville. Also, testimony revealed that the proposed development would have no adverse effect on the existing public school system. A housing consultant also testified that, in his opinion, such a development would not lower values of the surrounding property. In addition, the property in question was within a reasonable distance to major shopping areas and had ready access to major arterial highways. As such, it would be very suitable for a mobile home park.

Plaintiffs offered no testimony from planning experts to show that a master plan, developed by the defendant, was unreasonable. Instead, plaintiffs limited themselves almost entirely to a showing of the suitability of the property for a mobile home park.

Defendant, to the contrary, offered testimony to the effect that the development of a mobile home park on plaintiffs' property would be totally inconsistent with a master plan which had been followed consistently for nearly 20 years. The City of Grandville offered evidence that a mobile home

park would block development of the entire area due to the fact that such a complex would preclude the establishment of any east-west cross-streets and that adequate police and fire protection could not be maintained in an area where there are no cross-streets for one-half mile. In normal residential areas, the maximum allowable street length is presently 1,000 feet. The streets in the proposed park would be much longer.

Testimony was also given on behalf of the defendant to the effect that the consistent adherence to their master plan had resulted in a very orderly, systematic growth pattern, which had been the cause of a very low tax rate for Grandville residents.

Appellate courts consider cases such as the instant matter *de novo* on the record, but are inclined to give considerable weight to the findings of the trial judge in equity cases. *Biske v City of Troy,* 381 Mich 611, 613; 166 NW2d 453 (1969). A careful reading of the opinion of the trial judge discloses that his decision was based on the now overruled "preferred use" doctrine of *Bristow v Woodhaven,* 35 Mich App 205; 192 NW2d 322 (1971).

Michigan courts have now upheld the general rule that zoning ordinances are presumptively valid and that the burden of proof is on the plaintiff to show that a particular ordinance is unreasonable. *Kropf v Sterling Heights,* 391 Mich 139, 156–157; 215 NW2d 179 (1974).

Attacks on zoning ordinances can be based either on substantive due process or equal protection. Plaintiffs in the instant case do not explain adequately which of the two attacks they are using. While the defendant contends that plaintiffs are alleging a denial of substantive due process,

we find that the proofs in this case are being used to attack the ordinance on both grounds.

In *Kropf, supra,* pp 155–156, the Supreme Court stated:

> "On its face, an ordinance which *totally* excludes from a municipality a use recognized by the constitution or other laws of this state as legitimate also carries with it a strong taint of unlawful discrimination and a denial of equal protection of the law as to the excluded use. Such a taint can hardly be presumed to be present in cases such as that presently before us when the general use is reasonably permitted in the community and the only issue is whether it was arbitrarily or capriciously denied as to this particular parcel of land." (Emphasis in original.)

> "The power of the city to enact ordinances is not absolute. It has been given power by the State of Michigan to zone and regulate land use within its boundaries so that the inherent police powers of the state may be more effectively implemented on the local level. But the state cannot confer upon the local unit of government that which it does not have. For the state itself to legislate in a manner that affects the individual right of its citizens, the state must show that it has a sufficient interest in protecting or implementing the common good, via its police powers, that such private interests must give way to this higher interest. Different degrees of state interest are required by the courts, depending upon the type of private interest which is being curtailed. When First Amendment rights are being restricted we require the state to justify its legislation by a 'compelling' state interest. With regard to zoning ordinances, we only ask that they be 'reasonable'. And, as we have stated, they are presumed to be so until the plaintiff shows differently." *Kropf, supra,* pp 157–158.

The defendant's zoning ordinance does not specifically exclude mobile home parks. In fact, there is one mobile home park now in operation in

Grandville and there are areas provided for the establishment of others. In *Kropf, supra,* p 156, the Court went on to say that in such a case, the burden does not shift to the defendant but, rather, remains with the plaintiff to show that the disputed ordinance was "unreasonable" as applied to the property in question.

In the instant matter, plaintiffs appear to be arguing that there is a doctrine of "de facto exclusion" which can be applied here. We find only one post-Kropf case which discussed the de facto doctrine. In *Tocco v Atlas Township,* 55 Mich App 160, 166; 222 NW2d 264 (1974), the Court found that the defendant city had de facto affirmatively sought to zone trailer parks out altogether. There, however, there were no mobile home parks within the city limits at the time of trial. Additionally, there was evidence that the defendant was denying many requests for rezoning.

None of the cited factors are present in the case at bar and the *Tocco* decision cannot be used to find a de facto exclusion of mobile home parks by the defendant.

Prior to *Kropf,* the Supreme Court appeared to reject a de facto exclusion argument. In *June v Lincoln Park,* 361 Mich 95, 96; 104 NW2d 792 (1960), it was stated:

"Here, plaintiffs base their claim on the existence of such ban on the argument that trailer parks are permitted by the ordinance only in districts zoned 'business B,' on parcels containing at least one acre in area, and that there are no such properties in the city not already being used for other purposes. The fact of such existing uses for other purposes does not, of itself, serve to render the zoning ordinance a ban on trailer parks altogether and, hence, as plaintiffs urge, invalid under our holding in Gust *[Gust v Township of Canton,* 342 Mich 436; 70 NW2d 772 (1955)]."

A recent holding by a Pennsylvania Court is applicable here:

> "It is also true that the presumption of the validity of a zoning ordinance can be overcome by establishing that such an ordinance does totally exclude a legitimate use from the community, and thereafter it is the responsibility of the municipality to establish the validity of the total ban. (Citation omitted.) When, however, a challenger alleges that there is de facto exclusionary zoning, he carries the *heavy burden* of showing that, even though on its face an ordinance permits a specific use, the ordinance as applied effectively prohibits such use.
>
> "The facts in this case could in no way support such a finding. Not only does at least one mobile home park which is permitted by the ordinance * * * already exist, but there is still other undeveloped land in commercial (and industrial) districts in the Township which * * * [plaintiffs] have not established could not be used for mobile home parks. In fact, a zoning ordinance is not exclusionary merely because the areas zoned for mobile home parks are small and already occupied by existing mobile home parks." *Hodge v Zoning Hearing Board of West Bradford Township,* 11 Pa Cmwlth 311, 320–321; 312 A2d 813, 818 (1973). (Emphasis added.)

It should be noted that in *Hodge,* as in the instant case, there was already one mobile home park in existence. Further, there was also other undeveloped land in other districts available for mobile home parks. In *Hodge,* the Court found that the plaintiff had not established that such areas could not be used for mobile home parks.

In the instant case, the plaintiffs should also have to meet a heavy burden of proof that all of the available areas in the Grandville zoning map cannot be used for a mobile home park.

The quality and quantity of the proofs presented

do not meet the heavy burden that is required to show the existence of de facto exclusionary zoning, as is set forth in the *Hodge* rationale. The Grandville ordinance did not totally exclude, on its face, mobile home parks. Plaintiff has not met the heavy burden of proof which is required to show that, in fact, the ordinance totally excluded mobile home development.

Plaintiffs have failed to meet the burden of proof which is required to show that the defendant either acted for invalid reasons or that no reasonable grounds exist for the denial of the rezoning petition. Plaintiffs were denied neither equal protection of the law nor substantive due process in the denial of their rezoning petition by the City of Grandville.

The decision of the trial court is reversed and the injunction is dissolved. Costs to defendant.