TURKISH v CITY OF WARREN

1. ZONING—CONSTITUTIONAL LAW—MUNICIPAL CORPORATIONS—ORDI-
   NANCES.

   A zoning ordinance is unconstitutional as applied to a plaintiff's
   property where the record fully supports a finding that the
   ordinance, as applied, is unreasonable and confiscatory.

2. ZONING—ADMINISTRATIVE LAW—REVIEW—LEGISLATIVE ACTION—
   ADMINISTRATIVE ACTION.

   Action in zoning matters is either legislative or administrative
   and whether official action is legislative or administrative
   depends on the nature of the decision and the process by which
   it is reached as well as the governmental authority that makes
   the decision; when action is based on general grounds, the
   decision is ordinarily legislative, and when it is based on
   individual grounds, it is ordinarily administrative.

3. ZONING—REVIEW—ADMINISTRATIVE LAW—LEGISLATIVE ACTION—
   CONSTITUTIONAL LAW.

   Judicial review of legislative action in a zoning case is limited to
   an inquiry whether the action is irrational, and thus a denial
   of substantive due process, or violates some other constitutional
   limitation; one attacking a legislative use restriction must
   prove that no use permitted by the zoning is reasonable.

4. ZONING—ADMINISTRATIVE LAW—REVIEW—ADMINISTRATIVE ACTION
   —EVIDENCE.

   Judicial review of administrative action in a zoning case is an
   inquiry into the reasonableness of the proposed use; the stan-
   dard of review should be that there must be a hearing and the
   inquiry on review, under the Michigan Constitution, is whether
   the decision is supported by competent, material and substan-
   tial evidence on the whole record.

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Zoning § 14 *et seq.*
[2] 58 Am Jur, Zoning § 243 *et seq.*
[3–5] 58 Am Jur, Zoning § 229 *et seq.*

5. ZONING—REVIEW—ADMINISTRATIVE ACTION—EVIDENCE.

    A determination by an administrative authority in a zoning case that a proposed use of property is unreasonable should be affirmed by the court where that determination is supported by competent, material and substantial evidence on the whole record; if the proof does not meet that test, the administrative determination should be overturned by the court.

Appeal from Macomb, Frank E. Jeannette, J. Submitted Division 2 April 17, 1975, at Detroit. (Docket No. 20408.) Decided May 29, 1975. Leave to appeal applied for.

Complaint by Michael C. Turkish and Marilyn C. Turkish against the City of Warren for declaratory judgment and injunctive relief, challenging the constitutionality of defendant's zoning ordinance as applied to plaintiff's property and defendant's refusal to rezone the property. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Bodman, Longley, Bogle, Armstrong & Dahling* (by *Michael B. Lewiston),* for plaintiffs.

*John J. Murray,* for defendant.

Before: J. H. GILLIS, P. J., and QUINN and R. M. MAHER, JJ.

QUINN, J. Plaintiffs' complaint attacked the constitutionality of defendant's zoning ordinance as applied to their property which was zoned R1-C (single family residential). The complaint also attacked defendant's refusal to rezone the property to R3 (multiple dwelling), as unreasonable and arbitrary and as preventing any feasible use of the property and alleged such action to be unconstitutional. Trial resulted in a judgment for plaintiffs which ruled the ordinance unconstitutional as applied to plaintiffs' property and enjoined defendant from interfering with plaintiffs' use of their prop-

erty in accordance with defendant's R3 zoning classification.

Plaintiffs' property is roughly a long rectangle with about 160 foot frontage on Hoover Road at the west end, running east approximately 1,335 feet to Herbert Street where the frontage is about 156 feet. The property contains about 4.8 acres. When plaintiffs obtained the property in 1956, the area north of plaintiffs was largely farm land divided into parcels about the shape and size of plaintiffs' property. There was a residential subdivision south of plaintiffs' land.

Anticipating future development of the farm land area, plaintiffs went to defendant's city planner as early as 1966 to ascertain, if the development occurred, whether their parcel could be developed jointly with the parcel adjoining on the north. Plaintiff testified that he was assured of the joint development, and this was not disputed.

Late in 1968, plaintiffs learned that a plat of the property north of them had been submitted to the authorities. Concerned over how the proposed plat would affect their property, plaintiffs went to defendant's planning commission. They were shown the proposed plat and objected to it because the road system in the proposed plat provided no access to their property except at the northeast corner. Plaintiffs made this same objection to defendant's council but the plat was approved. Defendant's city planner corroborated or did not deny much of the foregoing which is derived from plaintiff's testimony.

A glance at plaintiffs' exhibit 1, a copy of which is appended to this opinion, discloses the problems plaintiffs have incurred in relation to the development of their property because of the development of the property north of them under the plat to

which they objected. Defendant's lot size require-
ments for single family residential development
are 60 foot frontage with 120 foot depth. Defend-
ant's requirement for street right-of-way is 60 feet.
Due to the size and shape of plaintiffs' property
and the foregoing lot size and right-of-way require-
ments, the only possible single family residential
development of plaintiffs' property would be one
tier of lots running east and west and not exceed-
ing 11 lots.

The development of the property north of plain-
tiffs caused them to apply for the rezoning of their
property from R1 to R3. When this application
was denied, this action followed.

The trial court found that, as applied to plain-
tiffs' property, the zoning ordinance was unreason-
able and confiscatory, and the record fully sup-
ports these findings. This conclusion and *Smith v
Village of Wood Creek Farms,* 371 Mich 127; 123
NW2d 210 (1963), require affirmance.

If we were not bound by existing precedent, we
would hold otherwise. The law of zoning is a
hodgepodge of confusion. It is possible to find
authority in support of practically any position
one desires to take in a given fact situation. It
represents a failure on the part of the courts to
provide some definitive policy for standards to
determine whether the zoning action judicially
reviewed is legislative or administrative. This
leaves municipal authorities, land owners, land
developers, attorneys and trial courts in a di-
lemma which breeds litigation. With no claim to
omniscience, we here suggest a possible path out of
this jungle.

The way is suggested in Justice LEVIN's concur-
ring minority opinion in *Kropf v Sterling Heights,*
391 Mich 139, 164 *et seq.;* 215 NW2d 179, 190 *et*

*seq.* (1974), in which reasonable guide lines for determining whether the zoning action being judicially reviewed is legislative or administrative are set forth. In their complaint, plaintiffs attacked the denial of their request for rezoning. This presents the issue to which Justice LEVIN's reasoning is applicable.

At the outset, Justice LEVIN differentiates between legislative and administrative action·in zoning matters because the separation of powers doctrine restricts court review of legislative action. The criterion to be used in determining whether the action is legislative or administrative is succinctly stated:

> "Whether official action is legislative or administrative depends on the nature of the decision and the process by which it is reached as well as the governmental authority that makes the decision.
>
> "When action is based on general grounds, the decision is ordinarily legislative. When it is based on individual grounds, it is ordinarily administrative."

Creation of zoning use restrictions is general, and thus legislative. Maintenance of a zoning use restriction is individual, and, thus administrative.

If the action judicially reviewed is legislative, the review is limited "to an inquiry whether the action is irrational (and thus a denial of substantive due process) or violates some other constitutional limitation". One attacking a legislative use restriction must prove that no use permitted is reasonable. If the action judicially reviewed is administrative, the inquiry on review should be the reasonableness of the proposed use. The standard of review should be, "there must be a hearing and the inquiry on review, under the Michigan Constitution, is whether the decision is 'supported

by competent, material and substantial evidence on the whole record' ". If the determination of the administrative authority is that the proposed use is unreasonable and that determination is supported by competent, material and substantial evidence on the whole record, the court should affirm that determination. If the proof does not meet that test, the administrative determination should be overturned by the court.

Applied to the case before us, we find that plaintiffs' proposed use of their property for multiple family dwelling is reasonable according to competent, material and substantial evidence on the whole record of the trial court. However, that record contains nothing from which the trial court or this Court can determine whether defendant's action in denying plaintiffs' request for rezoning to R3 is supported by competent, material and substantial evidence on the whole record before the agency which made that determination. That is the court review to which plaintiffs are constitutionally entitled, Const 1963, art 6, § 28.

We would prefer to reverse without prejudice to an application to the legislative body of defendant seeking an administrative hearing with regard to the reasonableness of plaintiffs' proposed use. A stenographic or recorded record of that hearing should be made, and such record should be the basis for the legislative body of defendant making its administrative determination of whether plaintiffs' proposed use is reasonable or unreasonable. At that hearing, plaintiffs shall bear the burden of establishing that the use they propose for their property is reasonable in light of all the circumstances. We do not prejudge what must be shown to meet that burden, but suggest as possible considerations the items detailed by Justice LEVIN in

*Kropf, supra,* commencing at the bottom of page 172 and continuing to the top of page 173. The items of proof made by plaintiffs in the trial court in this case should also merit consideration. Thereafter, if court review is sought, that record shall be the subject of the review under the standards prescribed by Const 1963, art 6, § 28.

We hope that defendant will apply for leave to appeal to the Supreme Court and that that Court will grant leave. In *Brae Burn, Inc v Bloomfield Hills,* 350 Mich 425, 430–431; 86 NW2d 166, 169 (1957), the Supreme Court said: "this Court does not sit as a superzoning commission". Eighteen years later, the trial courts, the Court of Appeals and the Supreme Court are still sitting as superzoning commissions. We see this case of Turkish as the appropriate vehicle for putting courts back in judicial business and leaving zoning with local communities where it belongs.

Affirmed, but without costs, a public question being involved.

Jan. 5, 1970

Part of Sectional Map of Section 23, Warren, Michigan showing plate N-642-A in relationship to New Sub-divisions "Twinbrook" (N-641-C & D) and "Victoria Woods" (N-641-A & B) installed during 1969.