## ETTINGER v AVON TOWNSHIP

### Opinion of the Court

1. COURTS—ZONING—REASONABLENESS OF USE—STANDARD OF REVIEW
   —PLURALITY—MAJORITY—CASE PRECEDENT.

   The traditional standard of review adopted by the Supreme Court
   for reviewing zoning ordinances is to examine the reasonable-
   ness of the use permitted by the zoning restriction and a trial
   court correctly applied this standard, even though the Supreme
   Court has adopted an alternate view by a plurality of less than
   half of that court.

2. COURTS—SUPREME COURT—JUDGMENT—CASE PRECEDENT—MAJOR-
   ITY—PLURALITY—ZONING—PROPOSED USE—REASONABLENESS.

   An opinion of the Supreme Court is not binding as precedent
   where it is not endorsed by a majority of the members elected
   to that court; therefore, a decision by a plurality of three
   justices that a zoning board's action on a request for rezoning is
   administrative rather than legislative, which would allow the
   courts to look to the reasonableness of the proposed use of the
   property as well as the reasonableness of the use permitted by
   the zoning restriction, cannot be considered as precedent.

3. ZONING—CONFISCATORY RESTRICTIONS—USABLE VALUE—DESTRUC-
   TION—REDUCED VALUE.

   A plaintiff must show that all permitted uses under a zoning
   restriction are so devoid of feasibility that the restriction has
   accomplished the destruction of all usable value of his property,
   in order to show that the restriction is confiscatory; the fact
   that the land is worth more under a non-conforming use does
   not suffice to render the restriction unreasonable.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Zoning § 230.
[2] 58 Am Jur, Zoning §§ 11, 21, 22.
[3] 58 Am Jur, Zoning § 140.
[4] 58 Am Jur, Zoning §§ 16, 256.
[5] 58 Am Jur, Zoning §§ 14, 18.

4. ZONING—PRESUMPTIONS—BURDEN OF PROOF.

A zoning ordinance is presumed valid and the burden of overcoming the presumption is upon the party opposing it.

CONCURRENCE BY O'HARA, J.

5. ZONING—CONSTITUTIONAL LAW—SEPARATION OF POWERS—NONCONFORMING USES—APPROVAL BY COURTS—INVASION OF PREROGATIVES.

*Zoning is a child of the police power inherent in the legislative branch of government which is enforceable by the executive branch and reviewable judicially for constitutional overbreadth; to allow the courts to approve property uses which do not conform to zoning restrictions where they determine the proposed uses are reasonable under all the circumstances would turn the courts into super zoning boards, thereby invading the prerogatives of the other two branches of government.*

Appeal from Oakland, Farrell E. Roberts, J. Submitted June 12, 1975, at Lansing. (Docket No. 21318.) Decided September 24, 1975. Leave to appeal granted, 396 Mich —.

Complaint by Fred Ettinger against Avon Township to compel rezoning of plaintiff's property. Judgment for defendant. Plaintiff appeals. Affirmed.

*Lawrence S. Cohen,* for plaintiff.

*Lawrence R. Ternan,* for defendant.

Before: ALLEN, P. J., and D. F. WALSH and O'HARA,* JJ.

ALLEN, P. J. Plaintiff petitioned Avon Township to have an 80-acre parcel south of Avon Road near Livernois rezoned from single family to multi-family residential use. Upon the denial of said request, plaintiff commenced suit in circuit court to compel

_____

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

rezoning on the grounds that defendant's zoning ordinance was unconstitutional as applied to the subject property. The lower court sustained the reasonableness of the zoning restriction, and plaintiff appeals.

Plaintiff's arguments one and two concern the proper standard of review in zoning ordinance cases. Plaintiff maintains that the correct standard is set forth in the concurrence by Justice LEVIN in *Kropf v City of Sterling Heights,* 391 Mich 139; 215 NW2d 179 (1974), subsequently followed by three members of the Court in *West v City of Portage,* 392 Mich 458; 221 NW2d 303 (1974). This approach views a zoning board's action on a request for rezoning as administrative, not legislative. Moreover, under this theory, the courts would look to the reasonableness of the proposed use of the property rather than simply the reasonableness of the use permitted by the zoning restriction.

The LEVIN view has recently garnered support. In *Turkish v City of Warren,* 61 Mich App 435; 232 NW2d 732 (1975), Judge QUINN, speaking for the full panel, endorsed the LEVIN concurrence in *Kropf, supra,* while recognizing that the Court of Appeals was bound by existing precedent. On August 19, 1975, in *Sabo v Monroe Township,* 394 Mich 531; 232 NW2d 584 (1975), three members of the Supreme Court reversed the township board's rejection of plaintiff's request to rezone plaintiff's property so as to permit the construction of a mobile home park.[1] In doing so, the majority of three held:

---

[1] Also released on the same day and with the same division among the justices as *Sabo,* were companion cases *Smookler v Wheatfield Township,* 394 Mich 574; 232 NW2d 616 (1975), and *Nickola v Grand Blanc Township,* 394 Mich 589; 232 NW2d 604 (1975). The opinion in each read as follows:

"We affirm the Court of Appeals for the reason stated in our opinion in *Sabo v Monroe Township.*"

"Even if present zoning is not unreasonable or confiscatory, a proposed use should be permitted if reasonable under all the circumstances. *Kropf v Sterling Heights,* 391 Mich 139, 164 ff.; 215 NW2d 179 (1974) (concurring opinion).

"We would require that the proofs now adduced in circuit court be presented administratively and restrict judicial review to whether the record evidence supports the administrative finding on the issue whether the proposed use is reasonable. *Kropf v Sterling Heights, supra* (concurring opinion)." *Sabo, supra,* at 536–537.

Justice Levin's approach, though gathering strength, does not yet represent the current jurisprudential law in Michigan. While the viewpoint gathered three votes in *Sabo,* this is still not a majority of the Court. Where no opinion is endorsed by a majority of the members elected to the Supreme Court, the result is not binding as precedent. *In re Curzenski Estate,* 384 Mich 334, 335; 183 NW2d 220 (1971). See also *Palmer v Superior Twp,* 60 Mich App 664; 233 NW2d 14 (1975). Though the law is obviously in flux we cannot at this point find that the trial court erred in applying the traditional standard of review reiterated by the majority of the Supreme Court in *Kropf, supra,* and followed by this Court in *Ed Zaagman, Inc v City of Kentwood,* 61 Mich App 693; 233 NW2d 146 (1975).[2] In this connection we note that absent clarification, ambiguity appears in the sug-

---

[2] Absent the applicability of the Levin position, plaintiff's fourth argument must also fail. "Plaintiffs challenge defendant's refusal to rezone their property on numerous grounds. Several of these deal with administrative, not legislative, decision-making and would be cogent if we applied the *Kropf* concurrence-*West* test: that the Superior Township board has no standards to guide it in deciding requests for rezoning; that rezoning decisions have been selective and, in this case, inconsistent with the master plan. However, since we are applying the test of the *Kropf* majority, these reasons are of no force." *Palmer v Superior Twp, supra,* 60 Mich App at 674; *Ed Zaagman, Inc v City of Kentwood, supra.*

gested standard of review. Does this mean that the
court would look only at the reasonableness of the
proposed use without regard to the existing use, or
does it mean that the court must be persuaded
that the proposed use is more reasonable than the
existing use?[3]

Plaintiff points out that owing to the Clinton
River flood plain and topography of the property,
it is not possible under the existing zoning restric-
tion to develop the maximum number of lots al-
lowed; however, the maximum number of dwelling
units could be constructed if the property was
rezoned multi-family. It is argued that this factor
creates such a disparity in property value as to
constitute a confiscation, and, at least, indicates
the unreasonableness of the ordinance. Therefore,
says plaintiff, the ordinance is void as to plaintiff's
property under the standard adopted by the major-
ity in *Kropf.* We disagree. The fact that the land is
worth more if used for developing multi-family
dwellings does not suffice to render the zoning
restriction unreasonable. *Kropf, supra,* at 160. Fur-
ther, to be considered confiscatory, plaintiff must
show that "all permitted uses are so devoid of
feasibility that the restriction has accomplished
the destruction of all usable value". *Reibel v City
of Birmingham,* 23 Mich App 732, 739; 179 NW2d
243 (1970). The record shows it was feasible to
develop single-family residences on the plaintiff's
property. The estimated 1 to 3.6 disparity in value
between single-family and multi-family use cannot
justify the conclusion that the zoning restriction is
confiscatory. Compare *Land Development Corp v*

---

[3] If, for example, the court were to look only to the reasonableness
of the requested use without balancing it against the existing use,
variances would be more easily established and conceivably result in
spot zoning by judicial rule. Well-recognized policy reasons work
against opening the door to spot zoning.

*Township of Bloomfield,* 55 Mich App 438; 222 NW2d 768 (1974).

We find no substance in the argument that the zoning ordinance limiting plaintiff's property to single family residential use bears no real relation to public health, safety, morals or general welfare. A zoning ordinance is presumed valid, and the trial court, after hearing all of the evidence, determined that plaintiff failed to carry his burden of overcoming the presumption. This Court cannot say that had we been sitting in the lower court's place, we would have reached a different result. *Michaels v Village of Franklin,* 58 Mich App 665; 230 NW2d 273 (1975).

Finally, we are convinced that the lower court did not rule plaintiff was precluded from attacking the zoning ordinance because of his awareness of the use restriction at the time the property was purchased.

Affirmed, but without costs, a public question being involved.

D. F. Walsh, J., concurred.

O'Hara, J. *(concurring).* I regret the necessity of writing separately again.

I am aware of the three recent zoning opinions released by the Supreme Court,[1] and the forceful opinion of Judge Quinn in *Turkish v City of Warren,* 61 Mich App 435; 232 NW2d 732 (1975).

I am obligated to say that I do not agree with what has been called the "Levin view" or "Levin approach".

Unless and until a majority opinion of the Su-

---

[1] *Sabo v Monroe Township,* 394 Mich 531; 232 NW2d 584 (1975), *Smookler v Wheatfield Township,* 394 Mich 574; 232 NW2d 616 (1975), *Nickola v Grand Blanc Township,* 394 Mich 589; 232 NW2d 604 (1975).

preme Court adopts by opinion the following language of Mr. Justice LEVIN, my friend and respected colleague in the appellate judiciary:

"Even if present zoning is not unreasonable or confiscatory, a proposed use should be permitted if reasonable under all the circumstances." (Citation omitted.) *Sabo v Monroe Township,* 394 Mich 531, 536–537; 232 NW2d 584 (1975),

I shall oppose it on both legal and philosophical grounds.

Zoning, in my judgment, can never by any exercise of judicial osmosis be relegated to the category of "administrative finding" reviewable on that basis by courts.

Zoning is a child of the police power. The police power is inherent in the legislative branch of government. It is enforceable by the executive branch and reviewable judicially for constitutional overbreadth.

If anything would turn courts into super zoning boards adoption of the so-called "LEVIN approach" would. This result, as I understand it, Judge QUINN and Judge ALLEN both disavow.

To me, the *Kropf*[2] majority opinion merely reinstated the precedential control of *Brae Burn, Inc v Bloomfield Hills,* 350 Mich 425; 86 NW2d 166 (1957), which I previously had relied on in *Nickola v Grand Blanc Township,* 47 Mich App 684; 209 NW2d 803 (1973), *affirmed* 394 Mich 589; 232 NW2d 604 (1975). *Kropf* is the law and what I believe the law ought to be.

I reject the notion that:

"We would require that the proofs now adduced in

---

[2] *Kropf v City of Sterling Heights,* 391 Mich 139; 215 NW2d 179 (1974).

circuit court be presented administratively and restrict
judicial review to whether the record evidence supports
the administrative finding on the issue whether the
proposed use is reasonable." (Citation omitted.) *Sabo,
supra,* at 537.

I cling tenaciously to the concept of Montes-
quieu, the intellectual father of our separation of
powers doctrine, that the legislature should legis-
late, the executive should execute, and the judi-
ciary should judge without invasion of the preroga-
tives of the other two branches.

As for the case at bar, I agree that the plaintiff
failed to maintain his burden of proof under the
test of *Brae Burn* and *Kropf, supra.* His case thus
fails. I vote to affirm the trial judge.