WERKHOVEN v CITY OF GRANDVILLE (ON REMAND)

1. COURTS—SUPREME COURT—MAJORITY DECISIONS—MAJORITY RESULT
   —PRECEDENT.

   A majority of the Supreme Court must agree on a ground for
   decision in order to make that decision binding precedent for
   future cases; where there is merely a majority for a particular
   result, then the parties to the case are bound by the judgment
   but the case is not authority beyond the immediate parties.

2. COURTS—SUPREME COURT—DICTATES OF SUPREME COURT—COURT OF
   APPEALS—GOOD FAITH.

   The Court of Appeals is bound by the dictates of the Supreme
   Court and must follow those dictates in the utmost good faith.

3. ZONING—PROPOSED USES—ADMINISTRATIVE HEARINGS—JUDICIAL
   REVIEW—RESTRICTIONS—CONSTITUTIONAL LAW.

   Judicial review of a municipal administrative hearing on zoning
   which determines the question of whether a property owner's
   proposed use of property is reasonable under all the circum-
   stances shall be restricted to a determination of whether the
   record evidence supports the administrative findings (Const,
   1963, art 6, § 28).

Appeal from Kent, George V. Bouchee, J. Sub-
mitted April 10, 1975, at Grand Rapids. (Docket
No. 19353.) Decided December 3, 1975. Leave to
appeal denied, 396 Mich 850.

.Complaint by Clarence M. Werkhoven and Lois
Werkhoven against the City of Grandville for an
injunction prohibiting enforcement of a zoning
ordinance. Injunction granted. The Court of Ap-

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Courts §§ 189, 195.

[2] 20 Am Jur 2d, Courts § 230.
   Duty of state courts to follow decisions of Federal courts, other than
   the Supreme Court, on Federal questions. 147 ALR 857.

[3] 58 Am Jur 2d, Zoning §§ 244, 245.

peals reversed, 61 Mich App 200. Plaintiffs applied
for leave to appeal to the Supreme Court. Re-
manded to the Court of Appeals for reconsidera-
tion in lieu of grant of leave to appeal, 395 Mich
753. Remanded to circuit court.

*Freihofer, Hecht, Oosterhouse & Deboer, P. C.*
(by *Walter B. Freihofer* and *Bruce A. Barnhart,
Fred N. Searl,* of counsel), for plaintiffs.

*Varnum, Riddering, Wierengo & Christenson* (by
*Thomas J. Heiden),* for defendant.

Before: T. M. BURNS, P. J., and McGREGOR and
D. F. WALSH, JJ.

## ON REMAND

McGREGOR, J. Previously,[1] we ruled that plain-
tiffs had failed to sustain their burden in rebutting
the presumption of constitutionality to which the
defendant's zoning ordinances were entitled. In
doing so, we relied heavily upon the majority
opinion in *Kropf v Sterling Heights,* 391 Mich 139;
215 NW2d 179 (1974).

Following our decision, plaintiffs filed an appli-
cation for leave to appeal to the Supreme Court.
While this application was still pending, the Su-
preme Court decided three cases,[2] all of which, like
the present case, involved zoning restrictions on
mobile home parks. The Supreme Court, in lieu of
taking any action on plaintiffs' application, re-

---

[1] *Werkhoven v City of Grandville,* 61 Mich App 200; 232 NW2d 356
(1975).

[2] *Sabo v Monroe Township,* 394 Mich 531; 232 NW2d 584 (1975),
*Smookler v Wheatfield Township,* 394 Mich 574; 232 NW2d 616
(1975), *Nickola v Grand Blanc Township,* 394 Mich 589; 232 NW2d
604 (1975).

manded the matter to us "for reconsideration in light of the opinions of the Justices of this Court" in the *Sabo, Smookler* and *Nickola* cases.

In *Sabo,*[3] Justice LEVIN, with Justices KAVANAGH and FITZGERALD concurring, stated that the proper test to be applied in the majority of zoning cases should not be the *Kropf* test of whether or not the present zoning is unreasonable or confiscatory, but instead, should be whether or not the proposed use is reasonable under all the circumstances.[4] However, Justice WILLIAMS, in concurring, and Justice COLEMAN, in dissenting, both continued to adhere to the *Kropf* test in which they had originally concurred. The remaining members of the Court, Justices SWAINSON and LINDEMER, did not participate in any of the three decisions.

It is evident from the foregoing that there has been no agreement by a majority of the Supreme Court to adopt Justice LEVIN's approach regarding zoning cases. Under these circumstances, constitutional rules of construction would normally preclude us from considering *Sabo* as precedent for the application of Justice LEVIN's test. As stated in *People v Anderson,* 389 Mich 155, 170; 205 NW2d 461 (1973):

"The clear rule in Michigan is that a majority of the Court must agree on a ground for decision in order to make that binding precedent for future cases. If there is

---

[3] The *Smookler* and *Nickola* cases were affirmed for the reasons stated in *Sabo.*

[4] Justice LEVIN's approach in *Sabo* originates from his concurring opinion in *Kropf, supra,* wherein he distinguished between legislative and administrative official action. It follows from this distinction that where the official action taken in respect to zoning is legislative in nature, then the *Kropf* test should still be employed. Where, however, the official action taken is administrative in nature, as presumably is the case in most instances, then the "reasonableness of the proposed use" test should be applied.

merely a majority for a particular result, then the parties to the case are bound by the judgment, but the case is not authority beyond the immediate parties." See *Ettinger v Avon Township,* 64 Mich App 529; 236 NW2d 129 (1975), *In re Curzenski Estate,* 384 Mich 334; 183 NW2d 220 (1971).

Thus, our Court, which must follow the authoritative precedents of the Supreme Court, would, in the usual case, still be bound to apply the test set forth in *Kropf, supra.* See *Ettinger, supra, Turkish v City of Warren,* 61 Mich App 435; 232 NW2d 732 (1975), *Palmer v Township of Superior,* 60 Mich App 664; 233 NW2d 14 (1975).

However, the present case does differ significantly from the usual case. Here, the Supreme Court has ordered us to reconsider our previous decision in light of the opinions expressed in *Sabo* and its companion cases. While we are extremely tempted to hold that *Kropf* still controls since *Sabo* is not binding as precedent,[5] we nevertheless believe that the Supreme Court's order left us with no other choice than to apply *Sabo.* Our Court is bound by the dictates of the Supreme Court and we must follow those dictates in the utmost good faith. The Supreme Court's remand order is, in our view, express and unambiguous in directing us to apply *Sabo* rather than *Kropf* to the present case. It would be illogical to assume that the Supreme Court intended otherwise since our original opin-

---

[5] We believe that this approach would be preferable. If the instant case were before us now for the first time, we would unquestionably be bound to follow *Kropf,* and not *Sabo.* As a result, we would be applying the same test in the instant case that should properly be applied to all post-*Sabo* zoning cases. By applying *Sabo* instead, we are ignoring binding Supreme Court precedent and, in effect, deciding this case on the basis of the wrong law. In addition, it is this writer's personal belief that *Kropf* represents better law. *See Sabo, supra* (dissenting opinion) and *Ettinger, supra* (concurring opinion).

ion had already decided this case on the basis of *Kropf.*

Consequently, we order the following action to be taken:

(1) We remand to the circuit court for the determination of whether the defendant, in fact as well as in theory, exercises legislative rather than administrative powers in respect to zoning. See *Kropf, supra,* 167–172 (concurring opinion). In making this determination the court shall consider the following questions: (a) Has the legislative body of the defendant adopted, on general not individualized grounds, a plan of general application to all the lands in the community? (b) Does the defendant's zoning authority reject all applications for a change in zoning without reaching the merits? (c) Does the defendant have a history of granting variances to individual property owners only when constitutionally necessary?

(2) If, after applying these standards, the circuit judge finds that the defendant does, in fact, exercise legislative power in respect to zoning, then he shall return his findings to this Court where our previous decision will be affirmed.

(3) If the circuit judge finds, however, that the zoning authorities of the defendant act administratively, then he shall remand to the City of Grandville for an administrative hearing on the question of whether plaintiffs' proposed use is reasonable under all the circumstances. At this hearing, the factors listed in *Kropf, supra* (concurring opinion), 172–173, shall be considered along with all other pertinent factors. We will not retain jurisdiction should this situation arise.

(4) Judicial review of this hearing, if sought by any aggrieved party (see *Kropf, supra* [concurring opinion], fn 6), shall be restricted to the determina-

tion of whether the record evidence supports the administrative findings. Const 1963, art 6, § 28.

Remanded to the trial court for proceedings not inconsistent with this opinion.