ALASTRA v CITY OF WARREN

Opinion of the Court

1. Zoning—Appeal and Error—Superintending Control—Standard of Review—Constitutional Law.

Review of the action of a zoning board of appeals is obtained by an application for superintending control; the standard of review is to determine whether the findings of the board and its order are authorized by law and whether they are supported by competent, material and substantial evidence on the whole record (Const 1963, art 6, § 28).

2. Zoning—Appeal and Error—Evidence—Reasonableness—Proposed Use.

Review of the action of a zoning board of appeals is restricted to determining whether the record evidence supports the administrative finding on the issue of whether the proposed use is reasonable.

3. Zoning—Appeal and Error—Scope of Review—Reasonableness—Proposed Use.

Review by a trial court of a decision of a zoning board of appeals to deny an application for a zoning variance was error where the trial court failed to address the issue of whether the proposed use is reasonable.

Dissent by M. J. Kelly, P. J.

4. Zoning—Zoning Variance—Case Precedent—Requirements—Zoning Appeals Board.

*A circuit court's order directing a zoning board of appeals to grant a zoning variance for a plaintiff was proper where the court had previously ordered that the plaintiff be given a rehearing before the appeals board, where the appeals board was given ample opportunity to satisfy the requirements of two*

References for Points in Headnotes
[1–3] 82 Am Jur 2d, Zoning and Planning §§ 322, 335, 337, 338, 352.
[4] 82 Am Jur 2d, Zoning and Planning § 360.

*precedent cases on zoning, and where the appeals board refused to satisfy the requirements.*

Appeal from Macomb, George R. Deneweth, J. Submitted February 4, 1976, at Lansing. (Docket No. 23317.) Decided April 26, 1976.

Complaint by Anthony J. Alastra, doing business as Venetian Investment Company, against the City of Warren Zoning Board of Appeals, for an order of superintending control to obtain review of the board's denial of a zoning variance. Judgment for plaintiff. Defendant appeals. Reversed and remanded.

*Perica, Breithart, Wolanin & Carmody* (by *William S. Wolanin* and *Edward J. Gallagher, II),* for plaintiff.

*W. Thomas Marrocco, Jr.,* City Attorney (by *Nick Dotterman,* Assistant City Attorney), for defendant.

Before: M. J. KELLY, P. J., and V. J. BRENNAN and DANHOF, JJ.

DANHOF, J. On July 31, 1974, the plaintiff brought the present action seeking an order of superintending control against the defendant board of appeals. In his complaint, the plaintiff alleged he had applied to the defendant board for a variance. He further alleged that after a public hearing on this matter the board denied his application, but that on the evidence duly presented to the board the application should have been granted.

On August 15, 1974, the trial court ordered a rehearing by the defendant board "for the purpose of establishing a complete record with the Board

setting forth its findings of fact" because the record at the previous hearing was found to be deficient. After the rehearing, the plaintiff's application was again denied. Further, the defendant board had again failed to set forth any findings of fact upon which it had denied the plaintiff's application.

However, the parties did enter a stipulation of facts into the record on October 7, 1974. In the stipulation, the parties stated the issue as: "Has the board by its failure to grant the request denied the Petitioner a substantial property right similar to that enjoyed by others in the same zoning district and neighborhood and thus acted unreasonably?"

In its opinion of January 23, 1975, the trial court addressed itself to the issue of whether the plaintiff had been denied equal protection of the law. In finding the plaintiff had been so denied, the court granted the plaintiff the relief prayed for.

The dispositive issue raised on appeal is whether the trial court exceeded the permissible scope of review of the decision of the defendant board.

*Puritan-Greenfield Improvement Association v Leo,* 7 Mich App 659, 665; 153 NW2d 162 (1967), states the applicable standard of review of a board of zoning appeals' action on an application for the granting of a variance:

"Review is obtained by means of an application for superintending control * * * which replaces certiorari. The minimum constitutional standard establishes the scope of review. The circuit judge and we are required by the Michigan Constitution to determine whether the findings of the board and its order are authorized by law and whether they are supported by competent,

material, and substantial evidence on the whole record. Const 1963, art 6, § 28."

Further, judicial review should be restricted to "whether the record evidence supports the administrative finding on the issue whether the proposed use is reasonable". *Sabo v Monroe Twp,* 394 Mich 531, 537; 232 NW2d 584 (1975). While we do not feel this is the better rule, we feel compelled to follow the *Sabo* case because of the recent remand order by the Supreme Court in *Werkhoven v City of Grandville,* 395 Mich 753; 232 NW2d 671 (1975). See *Werkhoven v City of Grandville (On Remand),* 65 Mich App 741; 238 NW2d 392 (1975).

In the present case, the trial court erred by not following the standard of review for an application for superintending control as set forth in *Puritan-Greenfield Improvement Association v Leo, supra.* The review was limited to whether or not the decision of the defendant board was supported by the evidence on the record. While the board did not make a record in the present case, the stipulation it later entered was based upon the hearing held in this matter and was, therefore, sufficient. However, the issue presented did not comply with the dictates of *Sabo, supra.* Accordingly, this case is reversed and remanded so that the trial court can again order a rehearing before the defendant board for the purpose of considering the plaintiff's application in light of *Sabo v Monroe Twp, supra.*

Reversed and remanded. Costs to abide the final outcome.

V. J. BRENNAN, J., concurred.

M. J. KELLY, P. J. *(dissenting).* Since I do not see how a decision either way could compound the existing confusion in the law applicable to judicial

review of zoning cases, I would hold that for purposes of this case the trial court's order on remand gave the board ample opportunity to satisfy the requirements of both tests. *(Kropf v Sterling Heights,* 391 Mich 139; 215 NW2d 179 [1974], *Sabo v Monroe Twp,* 394 Mich 531; 232 NW2d 584 [1975]). The defendant board disdained.

I would affirm.