MICHIGAN NATIONAL BANK v WINDSOR CHARTER TOWNSHIP

ZONING—TESTS—REASONABLE USES—APPEAL AND ERROR.

> The test to be applied in zoning cases has been in the past and is presently whether the zoning classification is unreasonable or confiscatory; a case which was tried during an interim period when a different rule was being applied is remanded by the Court of Appeals for reconsideration under the proper rule.

Appeal from Eaton, Willard L. Mikesell, J. Submitted March 10, 1977, at Lansing. (Docket No. 27348.) Decided June 20, 1977.

Complaint by Michigan National Bank and Grey Mobile Home Sales, Inc., against Windsor Charter Township seeking a judgment that a zoning ordinance was arbitrary, unreasonable and unenforceable. Judgment for plaintiffs. Defendant appeals. Remanded for additional findings.

*Warner, Hart, Morgan & Fuzak* (by *David A. Williams*), for plaintiff.

*Church, Wyble, Kritselis & Tesseris* (by *Thomas H. Hay*), for defendant.

Before: D. F. WALSH, P. J., and ALLEN and N. J. KAUFMAN, JJ.

PER CURIAM. This case reflects the difficulties engendered by the repeated efforts of the Supreme Court to decide on the rules surrounding attacks on zoning ordinances. This state of flux initially

REFERENCE FOR POINTS IN HEADNOTE
82 Am Jur 2d, Zoning and Planning §§ 358, 360.

developed when the Supreme Court came down with their decision in *Sabo v Monroe Twp,* 394 Mich 531; 232 NW2d 584 (1975). In *Sabo,* Justice LEVIN, with Justices KAVANAGH and FITZGERALD concurring, stated that "the proper test to be applied in the majority of zoning cases should not be the *Kropf*[1] test of whether or not the present zoning is unreasonable or confiscatory, but instead, should be whether or not the proposed use is reasonable under all the circumstances".[2] [Footnote 1 added.] This rule, however, was short lived, as the Supreme Court in *Kirk v Tyrone Twp,* 398 Mich 429; 247 NW2d 848 (1976), returned to the test set forth in *Kropf.* In the present case, our task is to determine what to do with a case decided while *Sabo* was controlling.

The trial judge in the instant case did an admirable job of trying to "save" his case from the onslaught of an ever-changing body of appellate law. His opinion is laced throughout with language which, we believe, was intended to be sufficient under either a *Kropf* or *Sabo* test. While we commend the trial judge on his efforts, we think it only fair that this case be remanded to the trial court for reconsideration in view of *Kirk.* This is similar to the position this Court took in zoning cases after *Sabo.* See *e.g. Werkhoven v City of Grandville,* 65 Mich App 741; 238 NW2d 392 (1975).

While it may be said that a remand is unnecessary because we hear zoning cases *de novo,*[3] we are of the view that this approach in the instant case is the best one to fully allow the trial judge's opinion to be accorded the great weight which we

---

[1] *Kropf v Sterling Heights,* 391 Mich 139; 215 NW2d 179 (1974).

[2] *Werkhoven v City of Grandville,* 65 Mich App 741; 238 NW2d 392 (1975).

[3] *Kropf, supra,* p 152.

give it on appeal.[4] Therefore, we order that this case be remanded for additional findings of facts or law, if any, necessitated by the Supreme Court's decision in *Kirk, supra.*[5] We retain jurisdiction.

---

[4] *Biske v City of Troy,* 381 Mich 611; 166 NW2d 453 (1969).

[5] We liken this procedure to the one employed where there has been a failure to comply with GCR 1963, 517.1. *See Powell v Collias,* 59 Mich App 709; 229 NW2d 897 (1975).