MICHIGAN NATIONAL BANK v WINDSOR CHARTER TOWNSHIP
(AFTER REMAND)

Docket No. 27348. Submitted March 10, 1977, at Lansing.—Decided September 21, 1978.

Michigan National Bank and Grey Mobile Home Sales, Inc., commenced an action against Windsor Charter Township seeking a judgment that a zoning ordinance was arbitrary, unreasonable and unenforceable. Judgment for plaintiffs in Eaton Circuit Court, Willard L. Mikesell, J. The defendant appealed. The Court of Appeals remanded to the trial court, 76 Mich App 387 (1977), for findings of fact under the Supreme Court's decision in *Kirk v Tyrone Twp,* 398 Mich 429 (1976).

The original trial court was unable to participate in the remand, and so on September 29, 1977, the Court of Appeals issued an order directing the successor to the original trial court to render a decision under *Kirk,* with the Court of Appeals retaining jurisdiction. Eaton Circuit Court, Hudson E. Deming, J., has complied with that order and has determined that the ordinance is not arbitrary, unreasonable and unenforceable. The Court of Appeals now reviews that determination. *Held:*

1. The ordinance is not unconstitutional on its face and contains sufficiently definite standards.

2. The ordinance is not confiscatory in its application to the property in question.

3. The terms of the ordinance do not totally exclude the proposed use, as a special use permit was granted for an identical purpose on an adjacent tract.

Affirmed.

1. Zoning—Reasonableness—Governmental Interest—Requested Change of Classification.

The correct test for judicial review of requested zoning changes is

References for Points in Headnotes

[1] 82 Am Jur 2d, Zoning and Planning §§ 15, 334 *et seq.,* 340 *et seq.*
[2] 82 Am Jur 2d, Zoning and Planning § 25 *et seq.*
[3] 82 Am Jur 2d, Zoning and Planning § 27.
[4] 82 Am Jur 2d, Zoning and Planning § 36.
[5] 5 Am Jur 2d, Appeal and Error §§ 822, 839 *et seq.*

that the plaintiff requesting rezoning must show: (1) that there is no reasonable governmental interest being advanced by the present zoning classification itself, or (2) that an ordinance may be unreasonable because of the purely arbitrary, capricious and unfounded exclusion of other types of legitimate land use from the area in question.

2. ZONING—ORDINANCE—PRESUMPTION OF VALIDITY.

A zoning ordinance comes to an appellate court clothed with every presumption of validity.

3. ZONING—ORDINANCES—BURDEN OF PROOF—ARBITRARY AND UNREASONABLE RESTRICTION.

It is the burden of a party attacking a zoning ordinance to prove affirmatively that the ordinance is an arbitrary and unreasonable restriction upon the owner's use of his property; it must be shown that the clause attacked is an arbitrary fiat, a whimsical *ipse dixit,* and that there is no room for legitimate difference of opinion concerning its reasonableness.

4. ZONING—ORDINANCES—RESTRICTIONS—REASONABLE USE.

To sustain an attack on a zoning ordinance, an aggrieved property owner must show that if the ordinance is enforced the consequent restrictions on his property preclude its use for any purposes to which it is reasonably adapted.

5. APPEAL AND ERROR—EQUITY—FINDINGS OF TRIAL JUDGE.

Appellate courts should give considerable weight to the findings of the trial judge in equity cases.

*Church, Wyble, Kritselis, Tesseris, Anderson & Robinson,* for plaintiffs.

*Warner, Hart, Morgan, Fuzak & Williams,* for defendant.

Before: D.F. WALSH, P.J., and ALLEN and N.J. KAUFMAN, JJ.

AFTER REMAND

PER CURIAM. This case has been before this Court on a prior occasion. In *Michigan National Bank v Windsor Charter Twp,* 76 Mich App 387;

256 NW2d 791 (1977), this Court remanded this case to the trial court for findings of fact under the Supreme Court's decision in *Kirk v Tyrone Twp*, 398 Mich 429; 247 NW2d 848 (1976).[1]

The original trial court was unable to participate in the remand, and so on September 29, 1977, this Court issued an order directing the successor to the trial court to render a decision under *Kirk, supra*. The trial court has complied with that order and we review the successor court's opinion.

Quoting from *Kropf v Sterling Heights*, 391 Mich 139; 215 NW2d 179 (1974), the Supreme Court in *Kirk, supra*, detailed the applicable principles and tests:

"The important principles require that for an ordinance to be successfully challenged plaintiffs prove:

" '[F]irst, that there is no reasonable governmental interest being advanced by the present zoning classification itself * * * or

" '[S]econdly, that an ordinance may be unreasonable because of the purely arbitrary, capricious and unfounded exclusion of other types of legitimate land use from the area in question.' 391 Mich 139, 158.

"The four rules for applying these principles were also outlined in *Kropf*. They are:

"1. ' "[T]he ordinance comes to us clothed with every presumption of validity." ' 391 Mich 139, 162, quoting from *Brae Burn, Inc v Bloomfield Hills*, 350 Mich 425; 86 NW2d 166 (1957).

"2. ' "[I]t is the burden of the party attacking to prove affirmatively that the ordinance is an arbitrary and unreasonable restriction upon the owner's use of his property * * * . It must appear that the clause attacked is an arbitrary fiat, a whimsical *ipse dixit*, and that

---

[1] This case arose prior to the Supreme Court's decision in *Kirk v Tyrone Twp*, 398 Mich 429; 247 NW2d 848 (1976), at a time when the Supreme Court's decision in *Sabo v Monroe Twp*, 394 Mich 531; 232 NW2d 584 (1975), was controlling.

there is no room for a legitimate difference of opinion concerning its reasonableness." 391 Mich 139, 162, quoting *Brae Burn, Inc.*

"3. 'Michigan has adopted the view that to sustain an attack on a zoning ordinance, an aggrieved property owner must show that if the ordinance is enforced the consequent restrictions on his property preclude its use *for any purposes to which it is reasonably adapted.* 391 Mich 139, 162–163.

"4. ' "This Court, however, is inclined to give considerable weight to the findings of the trial judge in equity cases." ' 391 Mich 139, 163, quoting *Christine Building Co v City of Troy,* 367 Mich 508, 518; 116 NW2d 816 (1962)." 398 Mich at 439–440.

As to the first three rules applicable to a trial court, the successor court rendered conclusions of law based on the findings of fact enumerated in its opinion.

The successor court found that "[t]he presumption of validity of the ordinance was not rebutted". We agree. The ordinance is not unconstitutional on its face and contains sufficiently definite standards. *Osius v St Clair Shores,* 344 Mich 693; 75 NW2d 25 (1956).

The successor trial court further elaborated:

"The terms of the ordinance are not an arbitrary and unreasonable restriction upon the plaintiff's use of their property. It was not an arbitrary fiat on the part of defendant's Township Board to deny the application of plaintiffs, and there is room for a legitimate difference of opinion regarding its reasonableness. Rule 2 of *Kirk,* supra, p. 439.

"The Bank and Grey failed to show that if the ordinance is enforced the consequent restrictions on the Bank's property preclude its use for any purposes to which it is reasonably adapted. To the contrary, they concede it is suitable for its zoned purpose. Rule 3 of *Kirk,* supra, p. 439."

Again, we agree with the conclusions of the successor trial court. See also *Long v Highland Park,* 329 Mich 146; 45 NW2d 10 (1950). The testimony of a senior vice-president of plaintiff bank, to the effect that it didn't try to sell the land as agricultural merely because it felt that the land was "too valuable" for that purpose, puts to rest any contention that the ordinance was confiscatory in application. *Biske v City of Troy,* 381 Mich 611; 166 NW2d 453 (1969), *Cohen v Canton Twp,* 38 Mich App 680; 197 NW2d 101 (1972). Nor can there be any argument that the terms of the ordinance totally exclude the proposed use from the township, as a special use permit was granted for an identical purpose on an adjacent tract.[2]

Cognizant of a reviewing court's duty under the fourth *Kropf* rule, and thus giving "considerable weight to the findings of the trial judge in equity cases", we affirm those findings.

Affirmed.

---

[2] We would note that it is not arbitrary to allow a proposed use in one section of a township, and to deny the use in another section of the township—even if the parcels are close together. The consequences of adopting the opposing viewpoint might result in a township filled with trailer parks.